ANNA LAMMERTZ, defendant and appellant,

v.

GEORGE C. LAMMERTZ, complainant and respondent.

[Filed November 20th, 1899.]

Where the wife absented herself from her husband's home for more than two years, and such absence is not justified by her husband's conduct towards her, and the wife's conduct is such that little hope was left of a permanent reconciliation, it will be considered that the desertion is obstinate and divorce will be decreed, though no proof was offered that the husband sought her and urged her return.

On appeal from a decree advised by Vice-Chancellor Reed, who filed the following conclusions:

I am constrained to advise a decree granting a divorce. It is admitted that the defendant left the habitation of her husband and has remained away more than two years, during which she has made no overture for a return. She can only justify her absence by proving conduct by her husband towards her which would put her in a posture to successfully demand maintenance or in a position to proceed against him by a cross-action for divorce, for if he, by his cruelty or by his command, drove her from his house, he, and not she, is the deserter. For the unhappy differences that attended their marital life, neither was free from fault. He was irritable and masterful and his exactions were nagging, and his unrepressed language in the presence of others, towards her, when in his ugly moods, was mortifying and exasperating. She was high-strung and easily moved to rebellion. She was also not very prudent.

While there is absolutely nothing in the testimony to cast a blemish on her chastity, yet she knew that his jealousy was directed in a certain direction, and she imprudently gave him, in one instance, a ground for complaint. There is no evidence that he was physically cruel. It is admitted that after her

return from her first absence he never laid his hands upon her. The testimony, also, of his son, who says that his father never, before the morning when he turned him out of his bed, had ever done towards him even so much as that shows that the father was not a man to resort to physical violence. That his language was petulant and exasperating does not afford an adequate justification for her desertion of her husband's house.

Nor does the fact that he left her bed and slept in another room for months before she departed from his house justify her departure. *Reid* v. *Reid, 6 C. E. Gr. 331.* The only point upon which there is a color of defence is the conduct of the husband after she left him the second time, in his failure to seek her and urge her to return. But the manner in which she left, following her prolonged preparation for leaving, left little hope that she would return, or that if she should return it would be more than a temporary matter. The lady who saw him about a possible reconciliation was not sent by his wife upon this errand, nor did she tell the husband that she was authorized by the wife to act as an intermediary. His wife has at no time expressed her willingness to return. In this posture of affairs I am constrained to the conclusion that her desertion is obstinate and confers upon the husband the right to a divorce.

*Mr. Willard P. Voorhees* for the appellant.

*Mr. Alan H. Strong,* for the respondent.

Per Curiam.

Decree affirmed, for the reasons given in the court of chancery.

*For affirmance*—The Chief-Justice, Van Syckel, Garrison, Gummere, Ludlow, Bogert, Hendrickson, Nixon —8.

*For reversal*—Depue, Dixon, Collins, Lippincott, Adams, Vredenburgh—6.