MARGARET STROBELL BARBOUR, petitioner,

*v.*

WILLIAM MACALLISTER BARBOUR, defendant.

[Decided September 27th, 1922.]

1. The time of the pendency of a *bona fide* suit for nullity of marriage cannot be computed as part of the time of desertion relied on in a subsequent suit for divorce for that cause between the same parties.

2. The settled doctrine of the law requires that pending a suit for the dissolution of marriage, and, equally, for nullity, the parties should not live together; and their living apart, pending such proceedings *bona fide*, does not constitute desertion within the meaning of the statute.

On final hearing on master's report and depositions *ex parte.*

*Mr. Charles M. Mason,* for the petitioner.

WALKER, CHANCELLOR.

The petitioner applies for an annulment of her marriage to the defendant on the ground that it was a jest, and, therefore, invalid. The proofs do not support the allegation, and I hold the marriage to be valid, and the petition must therefore be dismissed.

Petitioner's solicitor has applied to me to insert in the decree of dismissal a saving clause that the dismissal shall be without prejudice to the filing of a petition for divorce for desertion. I think the petitioner would have a right to seek a divorce for desertion and that the decree of dismissal would not prejudice her in that regard even without the saving clause applied for. However, in the circumstances, the decree will contain a provision that the dismissal shall be without prejudice. But this cannot operate to avoid taking out from

the period of alleged desertion the time during which this nullity suit has been pending. According to the allegation in the petition the marriage took place December 31st, 1920, and the defendant immediately left the petitioner and never has cohabited with her. Ordinarily, the period of desertion required by the statute for the granting of a divorce would expire December 31st, 1922; but, if a petition for divorce were filed, say on January 2d, 1923, it would be premature, because the petition for nullity in this case was filed April 27th, 1922, and the decree of dismissal will be filed this date, September 27th, 1922. Therefore, five months will have to be added to the time of desertion before a petition for that cause may be properly filed; and for this reason: In a suit for divorce for desertion none of the time occupied by the pendency of a former *bona fide* proceeding for divorce by one of the parties against the other, can be computed as part of the time of the desertion in the later case. *McLaughlin* v. *McLaughlin, 90 N. J. Eq. 322,* and cases cited. The reason why the time of the pendency of the first proceeding cannot be computed as part of the time of desertion in the later one is that pending the first suit the petitioner could not cohabit with the defendant without condoning the offence charged. *Ibid.* (at *p. 327.*) And condonation would destroy the cause for action for divorce. *Byrne* v. *Byrne, 93 N. J. Eq. 5.* And, equally, it would destroy the cause for action for nullity of a voidable marriage, if, pending suit for nullity, the parties should reunite and cohabit, for reunition and cohabitation would work a confirmation of the marriage and destroy the cause for action in the suit. See *Ysern* v. *Horter, Advisory Master Stevenson,* opinion filed September 7th, 1922, *94 N. J. Eq. 135.* Confirmation of a voidable marriage validates, it and renders it unavoidable. And as the law sanctions the parties living apart during the pendency of a *bona fide* nullity suit, such separation cannot be said to be willful and obstinate, although continued, during that period. In fact, the settled doctrine of the law requires that pending a suit for the dissolution of marriage, and, equally, for nullity, the parties should not live together; and their living apart, pending

such proceedings *bona fide,* does not constitute desertion within the meaning of the statute.   See *Marsh* v. *Marsh, 14 N. J. Eq. 315.*

Decree of dismissal accordingly.