FRANK J. WARNER, PROSECUTOR, v. GLOUCESTER COUNTY COURT OF DOMESTIC RELATIONS AND HELEN T. WARNER, DEFENDANTS.

Submitted January 18, 1944—Decided April 25, 1944.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and COLIE.

For the prosecutor, *Waddington & Tilton.*

For the defendant Helen T. Warner, *Guy Lee, Jr.*

The opinion of the court was delivered by

COLIE, J.   *Certiorari* was allowed to review an order of the Gloucester County Court of Domestic Relations directing the prosecutor to pay $12 a week to the county probation officer for the support of his wife, Helen T. Warner.

The jurisdiction of Juvenile and Domestic Relations Courts is statutory and limited to the subject-matter set forth in the statute. *Hagopian* v. *Hagopian,* 130 *N. J. Eq.* 38.

The statute under which the court below took jurisdiction reads, in part, as follows:

"The court shall also have jurisdiction to hear and determine disputes involving the domestic relation or the welfare of children, jurisdiction over which is or may be vested by law in any court of this state except the court of chancery or the orphans court. * * * The court shall have jurisdiction to hear and determine in a summary manner disputes and complaints involving the domestic relation where the gravamen of the complaint is the failure to provide support or adequate support, or desertion." *R. S.* 9:18–14.

It will be noted that the legislature has expressly reserved from the jurisdiction of the Juvenile and Domestic Relations Court matters over which jurisdiction is vested in the Court of Chancery. Jurisdiction in the matter of desertion, in one sense of the word, is vested in the Court of Chancery, and when the above-quoted statute used the word "desertion," it used it in the sense of leaving the wife without means of support and therefore likely to become a public charge. The petition in this case contains no allegation that the petitioner is now, or is likely to become in the future, a charge on the public, and that allegation we deem a prerequisite to bestow jurisdiction on the Juvenile and Domestic Relations Court. This was suggested, but not decided, in *Carney* v. *Carney,* 119 *N. J. L.* 5, where the Court of Errors and Appeals said: "Whether, under the Juvenile Court Act of 1929, a complaint in the public interest may be made by a private person,

or must be made by the overseer of the poor, is a question not discussed before us, and not now determined. It would seem that at least he would be a proper party to such a proceeding."

The order under review is reversed, with costs.