Fuller *v.* Fuller.

---

WARREN F. FULLER

*v.*

ANNA M. FULLER.

1. In actions for divorce the court cannot give the defendant the benefit of any defence not set up in his or her answer.

2. If the party suing for a divorce commits adultery pending the suit, and after answer filed, the defendant will be allowed to recriminate by supplemental answer.

3. Adultery committed at any time before the final decree is pronounced constitutes a perfect bar to the plaintiff's action.

---

On application for leave to file a supplemental answer. Heard on notice and *ex parte* affidavits.

*Mr. John W. Bissell,* for motion.

*Mr. Theodore Ryerson* and *Mr. Gilbert Collins,* for defendant.

NOTE.—In addition to the cases cited by the vice-chancellor, and in support of his views, see *Wilson* v. *Wilson, 40 Iowa 230; Hall* v. *Hall, 4 Allen 39; Handy* v. *Handy, 124 Mass 394; Ferrier* v. *Ferrier, 4 Edw. Ch. 296; Ristine* v. *Ristine, 4 Rawle 460; Tew* v. *Tew, 80 N. C. 316, 20 Alb. L. J. 262.*

*Query,* whether a party who marries before a decree of divorce is obtained can have the benefit of a decree of divorce for the adultery of the other party. *Stanford* v. *Stanford, 1 Edw. Ch. 317; Coad* v. *Coad, 40 Wis. 392; Hulse* v. *Hulse, L. R. (2 P. & D.) 259;* see *Norman* v. *Villars, L. R. (2 Ex. Div.) 359; King* v. *King, 38 Ohio St. 370.*

Where the second marriage occurs long after the party supposed her first

Fuller v. Fuller.

VAN FLEET, V. C.

This is a suit by a husband against his wife for divorce for adultery. The husband's petition was filed February 3d, 1882. The wife did not answer, and on the 11th of March, 1882, an order of reference was made permitting the petitioner to take his proofs and bring on the hearing of his cause *ex parte.* Within five days he commenced taking his proofs, and continued to do so, from time to time, until the 28th of the same month.

On the 3d of April, 1882, an order was made allowing the defendant to answer. She answered by simply denying the adulteries charged against her. Proofs were then taken and the cause brought to hearing. The defendant did not offer herself as a witness. On the conclusion of the reading of the proofs, the vice-chancellor, who was hearing the case, expressed his surprise that the defendant had not been examined as a witness, and stated that while it might very properly be contended that the proofs offered to establish the fact of adultery were not of a very satisfactory character, yet the court, in considering them, could not lose sight of the fact that the defendant had had a full opportunity to deny as a witness every act of guilt charged against her, but had shrunk from availing herself of it. Her counsel then stated that the defendant had been eager to testify, but that he had advised her that her testimony was not necessary to her exculpation, and that she had accordingly, in obedience to his advice, remained silent, though she doubted the wisdom of his direction. He further stated that, while considering the question whether the defendant should be offered as a witness or

husband was dead, she may obtain a divorce for his adultery during his absence. *Freegard* v. *Freegard, L. R.* (*8 P. & D.*) *186 ; Smith* v. *Smith, 64 Iowa 682.*

The adultery of the wife, both before and after a decree for divorce in her favor, has been held to be no bar to her petition for alimony subsequently brought, and founded on her decree. *Cross* v. *Cross,* (*N. H.*) *2 East. Rep. 32 ; Sloan* v. *Cox, 4 Hayw. 75 ; Forrest* v. *Forrest, 3 Bosw. 661, 8 Bosw. 640, 25 N. Y. 501 ;* but see, *contra, Severn* v. *Severn, 14 Grant's Ch. 150 ; Stock* v. *Stock, 11 Phila. 324 ; Goldsmith* v. *Goldsmith, 6 Mich. 285 ;* and, further, *Mildmay* v. *Mildmay, 1 Vern 53 ; Lister* v. *Lister, 8 Stew. Eq. 49, 51, note, 10 Stew. Eq. 331.*—REP.

not, it had not occurred to him that if she was not offered her silence might, under the circumstances, be regarded as tending to confirm the truth of the evidence of the witnesses testifying against her, and that he was now satisfied that he had committed a mistake in the management of his client's case, which, if not corrected, might result in her being deprived of all her conjugal rights, besides fixing an ineffaceable stigma upon her character. An application was then made to open the proofs to the extent of allowing the defendant to testify. The granting of the application appeared to be so clearly necessary to relieve the defendant from a position of peril in which the inadvertence or inexperience of her counsel had placed her, and also to avoid the danger of doing injustice in consequence of the imperfect condition of the proofs, that it was granted at once and without serious opposition from the petitioner. The defendant has been examined, and the petitioner has closed his proofs in rebuttal, and now, just as the litigation has reached its final stage, the defendant applies for leave to file a supplemental answer, for the purpose of charging that the petitioner, since her answer was filed, has committed adultery. The question now to be decided is whether or not the defendant should have such leave.

If the defendant can prove the fact of adultery against her husband, she will establish a perfect defence to his action, no matter how clear the proof of her guilt may be. The statute expressly declares that when it appears that both parties have been guilty of adultery, no divorce shall be decreed. *Rev. p. 319 § 30.* This would be the rule in the absence of statutory regulation. A husband who seeks a divorce from his wife on the ground that she is an adulteress has no right to have his marriage dissolved if he himself is guilty of the same crime of which he accuses her. *Forster* v. *Forster, 1 Hagg. C. R. (4 Eng. Ecc. 358) 144; Astley* v. *Astley, 1 Hagg. C. R. (3 Eng. Ecc. 303) 714; Smith* v. *Smith, 4 Paige 432; Jones* v. *Jones, 3 C. E. Gr. 33.* The rule is a dictate of natural justice. Every man's sense of justice will say that a husband who is himself unfaithful has no right to complain of the infidelity of his wife.

The petitioner, however, insists, in view of the extraordinary

indulgence which has already been extended to the defendant, that the court ought not now, after his suit has been pending for over four years, allow her to thrust this new issue in the case, and thus shift the charge of guilt from herself to him. The affidavits on which the application is based, make a strong case. If what they state is true, there can be no doubt that the petitioner has frequently, since he brought his suit, committed the very crime he charges against his wife. It is true that he and his alleged paramour deny, under oath, that their relations have been criminal, but it is manifest that a controversy of this nature should not be finally determined on *ex parte* affidavits. If a sufficient case is made to justify investigation, it is the plain duty of the court to afford the parties an opportunity to have it tried according to established judicial methods. The defendant made her application promptly. It was impossible for her to set up the defence she now seeks to make, in her original answer. The fact on which it rests did not then exist. It has occurred since, and unless she is permitted to interpose it now, she can never make it. She can only make it by answer. The statute declares that where a party seeking a divorce proceeds by petition, the defendant's answer shall plainly and fully set forth the cause or causes of defence. *Rev. 316 § 11.* The court, in actions for divorce, can exercise no greater power than it can exercise in any other class of actions. It can only pronounce judgment on the issues presented by the pleadings. In the language of Chancellor Zabriskie, it " cannot lay hold of any matter not properly put in issue on the ground that public policy and public morals require it." *Jones* v. *Jones, 3 C. E. Gr. 33.* Adultery committed after a suit is brought is just as effectual, as a bar, as that which may have been committed before; indeed, the latter would seem to be more offensive to the purity and decency which the law requires those who seek its help to observe than the former. I have been unable to find any case in which an application, like that which the defendant now makes, has been denied. In *Brisco* v. *Brisco, 2 Addams (2 Eng. Ecc. 294) 259,* a wife was allowed to charge her husband with having committed adultery pending the suit, nearly seven years after the institution

of the suit; and in *Moors* v. *Moors, 121 Mass. 232,* it was held, where a husband, who had obtained a provisional decree entitling him to a divorce in the future, but not dissolving his marriage *eo instante,* and who subsequently, under an honest belief that he had a right to do so, married again, that his having sexual intercourse with the woman whom he supposed he had lawfully married, constituted adultery, and barred his right to a divorce. Chancellor Walworth states the rule on this subject substantially as follows: that the defendant in a divorce suit has a right, at any time before the final decree is made, on a proper application, promptly made, showing that the plaintiff has committed adultery since the institution of the suit, to an order allowing him or her to recriminate by supplemental answer or other appropriate pleading. *Smith* v. *Smith, 4 Paige 432; 2 Bish. on M. and D. § 341.*

Both principle and precedent make it the duty of the court to grant defendant's application.