SIMON GOLDBERG, petitioner-appellant,

*v.*

ESTHER GOLDBERG, defendant-respondent.

[Submitted February term, 1927.  Decided May 16th, 1927.]

In a suit for divorce by the husband against the wife on the ground
of desertion he must show, even though the original desertion was
not justified on the part of the wife, that he sought by proper steps
to bring about her return.  The burden of proving this effort on his
part is upon the petitioner, and doubt as to his efforts is resolved
against him.

On appeal from a decree of the court of chancery advised
by Vice-Chancellor Buchanan.

*Messrs. Perlman & Lerner,* for the petitioner-appellant.

*Mr. Harry Heher,* for the defendant-respondent.

The opinion of the court was delivered by

KAYS, J.

This was a suit for divorce by the husband against his
wife on the ground of desertion.  The petitioner of the hus-
band, Simon Goldberg, was filed on February 20th, 1922,
charging desertion on December 28th, 1919.  A cross-petition
was filed by the defendant, Esther Goldberg, on December
19th, 1922.  The cross-petition was answered by the petitioner.
The cross-petition alleged cruel and inhuman treatment and
asked a divorce on the ground that the desertion was by the
husband.  The vice-chancellor, after hearing testimony in the
case, dismissed the cross-petition of the defendant, which is
not appealed from.  He also advised a decree dismissing the
husband's petition.

The fact that the wife left the husband and went to her father's home to live is not denied. It appears, from the evidence, that the petitioner and defendant were married December 8th, 1912. Shortly after the marriage, quarrels took place between the parties and the defendant left the petitioner at No. 618 Olden avenue, Trenton, New Jersey, sometime in June, 1915, and filed a bill for maintenance on June 23d, 1915. This matter, it seems, came on to be heard before Vice-Chancellor Backes, and the bill of complaint was dismissed.

Immediately thereafter, Esther Goldberg and Simon Goldberg, the petitioner and defendant, again resumed marital relations and lived together as husband and wife in the city of Trenton. They continued to live together until the 28th of December, 1919. At that time the defendant claimed that on account of cruel and inhuman treatment she was compelled to leave the petitioner and went to live at her father's house in the city of Trenton. It was contended on the part of the defendant that her action in so doing was justified on two grounds: *First,* because of the cruel and inhuman treatment, and *second,* because it is alleged that during part of the statutory period the defendant was insane. The petitioner denies any cruel treatment on his part and also denies the insanity of the defendant. The evidence of the petitioner does not seem to support his contention that he made an honest effort to induce the defendant to return to him as required by the law of this state. It appears from the defendant's witnesses that she was not well, at least in a nervous condition, and was at the time of the hearing a patient in the New Jersey State Hospital for the Insane at Trenton. She was not present or sworn at the hearing. The petitioner claims that he made an honest effort immediately after the alleged desertion in December, 1919, to induce his wife to return to him and continued his efforts on several occasions thereafter. His testimony in this respect is denied by several witnesses for the defense, and is not convincingly corroborated by the witnesses for the petitioner. The defendant's father and brother testified that they each endeavored to

persuade the petitioner to take back the defendant and resume the marital relations, without effect.

The learned vice-chancellor considered that the mental condition of the defendant was such as to make her incapable of a willful desertion during part, at least, of the two-year period prior to the commencement of this action. The petitioner's counsel contends that the finding by the vice-chancellor of the existence of the defendant's abnormal condition was not justified by the evidence. On the other hand, the counsel for the defendant insists that the burden of proving the defendant mentally normal rested upon the petitioner. We do not think it is necessary to pass upon this question. Assuming that the contention of the petitioner's counsel is true that the defendant was mentally normal, we are of the opinion that the petitioner did not use the effort which the law requires of him to induce the defendant to return to him and again live with him as his wife. Because of his failure in this particular, we are of the opinion that he is not entitled to a decree for divorce. The burden of this proof is upon the petitioner. He must show by a preponderance of the evidence that the defendant is guilty of obstinate desertion.

Chancellor Walker, speaking for this court in *Rogers* v. *Rogers, 81 N. J. Eq. 481,* said:

"We are in accord with the proposition that a party to a suit for divorce who charges the other with willful, continued and obstinate desertion must prove that charge, and that the burden of proof is cast upon him or her who prefers it. This is axiomatic. It has been so often decided as not to need the citation of authorities to support it."

Under these rules all doubt is resolved against the petitioner. *Wood* v. *Wood, 63 N. J. Eq. 688.*

The decree of the court of chancery is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, KALISCH, BLACK, CAMPBELL, LLOYD, KAYS, DEAR, JJ. 8.

*For reversal*—PARKER, KATZENBACH, WHITE, HETFIELD, JJ. 4.