Oswaldina Sermuks, complainant-respondent,

*v.*

Carl W. Sermuks and John Sermuks and Caroline Sermuks, defendants-appellants.

[Submitted February term, 1940.   Decided May 21st, 1940.]

*Messrs. Brundage & Brundage (Mr. Norman L. Brundage,* of counsel), for the complainant-respondent.

*Mr. Solomon Golat (Mr. David R. Hochberg,* of counsel), for the defendants-appellants.

PER CURIAM.

This suit is by a wife against her husband for separate maintenance charging abandonment, failure and refusal to support herself and children and prayed, among other things, for the support of the children. The husband counter-claimed for divorce on the grounds of extreme cruelty and desertion. There were two children, one attained her majority during the pendency of the suit and the other was a child fourteen years old at the time of the decree. The bill of complaint alleged that the defendant-appellant intended to leave the state and prayed for a writ of *ne exeat.* Said prayer was granted and a writ of *ne exeat* was issued and the defendant-appellant being apprehended posted a *ne exeat* bond signed by himself and by John Sermuks and Caroline Sermuks, defendants-appellants, as sureties.

The advisory master who heard the case was of the opinion that neither party had established a case against the other and a decree was entered as advised dismissing the complaint and the counter-suit. The decree further provided that the *ne exeat* be continued in full force to secure the payment by defendant-appellant of $18 per week for the support and maintenance of his infant son and until security be furnished in the amount of $1,500 to secure such payments.

This appeal is from the provisions of the decree last recited.

The appellants argue that the statute *R. S. 2:50-39* provides a cause of action for separate maintenance only if a husband without justifiable cause shall abandon his wife and refuses or neglects to provide for her. That here the court found no such elements; on the contrary it found that he had provided for his wife, therefore failing in establishing the necessary facts for separate maintenance no relief whatever should be granted. That is the rule as to the wife but does not apply to dependent children. The decree dismissed "as to the complainant only" but not as to the child. The

court had jurisdiction, *R. S. 9:2-3,* and heard testimony as to the needs of the child. The care, custody and support of the child was one of the issues in the case. The statute, *R. S. 9:2-3, supra,* provides that the Court of Chancery shall have the same power over the custody, care, education and maintenance of minor children where the parents are living separately as if divorced. We conclude that it was proper for the court to provide for the support of this infant.

It is also argued that the entire case fell with the dismissal and all issues were disposed of, that the continuance of the *ne exeat* bond was without justification because the separation of the parties was due to the fault of the complainant. We find no merit to these arguments. The maintenance of the wife was not the only issue. The bill also prayed for the maintenance of the child. As has been observed, the dismissal went only to the complainant. A case directly in point is *Ludwig* v. *Ludwig, 94 N. J. Eq. 503.* There both the petition for divorce by the wife and the counter-claim by the husband were dismissed but the decree provided for custody and support of the child. On appeal to this court the decree was affirmed.

Finally it is argued that the obligation of the defendants-appellants John Sermuks and Caroline Sermuks was terminated with the final decree because the *ne exeat* had been given only on the issue of the wife's maintenance suit and that the effect of the decree was to extend and enlarge their liability. Not so. The defendants-appellants knew that an issue in the case was the maintenance of the infant and that the court might decree that the father support the child. The court was clearly within its rights in continuing the *ne exeat* and that such action did not extend or enlarge their obligation.

Finding no error in the proceedings below the decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.