FRANK GLENN, petitioner-respondent,

*v.*

FLORENCE E. GLENN, defendant-appellant.

[Argued May 21st, 1948. Decided September 3d, 1948.]

*Mr. George W. C. McCarter* and *Mr. Frederick C. Vonhoff,* for the defendant-appellant.

*Mr. Lloyd C. Schroeder,* for the petitioner-respondent.

The opinion of the court was delivered by

SCHETTINO, J.

This is a matrimonial action. The husband filed a petition for divorce for desertion and the wife counter-claimed on the same ground. The advisory master advised a decree *nisi* in favor of the husband and dismissed the counter-claim of the wife. The wife appeals and challenges the decree with respect to both the petition and counter-claim.

We are of the view that the decree should be reversed with respect to the husband's petition and affirmed as to wife's counter-claim.

The parties were married in 1936. On October 11th, 1939, they entered into a separation agreement. They were reunited in March, 1940, and remained together until March 16th, 1942, when a final separation occurred. A new separation agreement was executed on October 5th, 1942.

The husband conceded that the final separation was by mutual consent, but contended that his wife deserted him in March, 1944. He testified that he saw her on but one occasion prior to the institution of the suit, when he chanced to meet her in a subway station in March or April of 1943. He said that he then urged her to return. She denied the entire occurrence. His testimony in this regard is not persuasive. The essence of his case revolved about four letters which he claimed to have written to his wife seeking a reconciliation. In his petition he fixed the time of desertion as March 5th, 1944. The last letter was dated February 28th, 1944, and was dispatched by registered mail.

The wife denied receipt of any letter other than the letter on February 28th, 1944. The wife testified that she ignored the letter because she regarded the overture as insincere. We think it was insincere. The testimony persuasively shows that in January, 1944, the husband called upon the wife's New York counsel and suggested a divorce. The attorney conferred with the wife and advised the husband by letter dated January 21st, 1944, that she was agreeable to a divorce if the payment of alimony were secured and if she were not assigned the role of defendant. The husband admitted seeing his wife's attorney, admitted receipt of the letter, but denied that the subject of divorce was discussed. We are convinced that he sought a divorce, that he was dissatisfied with the terms prescribed by his wife, and that his apathetic letter of February 28th, 1944, was calculated to serve him in a contemplated proceeding.

Although a finding upon a question of fact made by Chancery is entitled to great weight, nevertheless this court will, by full investigation and analysis of the evidence, itself ascer-

tain the facts and determine whether the general finding is consistent therewith. *Tierney* v. *Hotz* (*Court of Errors and Appeals, 1947*), *141 N. J. Eq. 114, 116.* We believe that the general finding in favor of the husband on his petition is not consistent with the facts. On the husband's own testimony that the separation was by mutual consent it was incumbent upon him to establish that a desertion, willful and obstinate, thereafter occurred and continued for the statutory period. He had the burden of showing that in good faith he sought to resume matrimonial cohabitation. *Thomas* v. *Thomas* (*Court of Errors and Appeals, 1933*), *113 N. J. Eq. 82, 84; Howes* v. *Howes* (*Court of Errors and Appeals, 1939*), *125 N. J. Eq. 272.* He failed to sustain that burden.

The ultimate conclusion of the advisory master appears to have stemmed in part from a misapprehension of law. In his memorandum the advisory master said that: "those overtures must be considered and treated as having been made in good faith unless convincingly proved to the contrary by defendant. This burden she has failed to overcome." The burden was his to establish the good faith of his overture. *Thomas* v. *Thomas, supra.* Any uncertainty of fact must be resolved against him. *Henderson* v. *Henderson* (*Court of Errors and Appeals, 1944*), *134 N. J. Eq. 363, 368.*

With respect to the counter-claim, the wife testified that the final separation was thrust upon her. We are not satisfied that she has sustained her burden. The evidence indicates that both parties agreed to the separation and neither effectively terminated this voluntary arrangement.

The decree is reversed with respect to the husband's petition and affirmed as to the wife's counter-claim with costs in favor of the wife.

*For modification*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, JACOBS, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 14.