JOSEPH TUCKER, petitioner-respondent,

*v.*

RUBY S. TUCKER, defendant-appellant.

[Submitted May term, 1948. Decided September 3d, 1948.]

*Mr. Simon J. Griffinger,* for the petitioner-respondent.

*Mr. Gardner K. Benson* (*Mr. Harry Kay,* of counsel), for the defendant-appellant.

The opinion of the court was delivered by

JACOBS, J.

This is an appeal from a decree granting the petitioner-respondent's petition for divorce.

The parties were married in 1920, when the respondent husband was 22 and the appellant wife was 27 years of age. They lived within the same house until 1945 when the respondent underwent an operation at a hospital. Since leaving the hospital he has lived separately in an apartment.

The respondent testified that in 1938 the wife stated that she would have nothing further to do with him and thereafter refused to have sexual relations with him; and that although they continued to live in the same house until 1945, his wife slept on a couch in the living room while he retained the bedroom. He conceded that during this period he furnished household necessities and clothing, paid household bills, redecorated the house, continued his wife as beneficiary of his insurance policies and sent affectionate holiday and greeting cards to her. He attributed all this, however, to what he described as efforts to achieve a reconciliation. In corroboration of his contention that his wife had persistently and unjustifiably refused to have sexual relations with him since 1938, he produced his mother's testimony and she observed the separate sleeping arrangements between her son and his wife and that she had talked to her daughter-in-law about resuming normal relations but had met with no success.

The appellant denied that she slept apart from her husband during the period prior to 1945 and testified that they continued to have sexual relations until 1945. In corroboration she produced neighbors who testified that respondent and his wife seemed to be a congenial couple, that their only bedroom

contained a double bed with two pillows, and that there was nothing about their home indicating separate sleeping arrangements. A neighbor tradesman testified that the respondent purchased and paid for household food regularly until 1945 when his purchases terminated.

During the course of the hearing before the advisory master, evidence was introduced with respect to the respondent's interest in another woman as early as 1933 and thereafter. He, at first, denied that he had ever corresponded with her, but upon being shown copies of letters he acknowledged their receipt. These letters, evidently sent in 1934, indicate that respondent then had more than a passing interest in her. There is some testimony that he was seen with her at Asbury Park in recent years, but the record is silent as to any current association with her. In response to an inquiry by the advisory master as to whether the appellant had relations with her husband despite her knowledge of the aforementioned letters, she said, "Why, yes, I married him," and in response to an inquiry as to whether she was still willing to live with her husband, she said, "Yes, sir; he is all I have. I have no folks."

On the basis of the aforementioned testimony, the advisory master found that, "in the month of September, 1938, the defendant deserted the petitioner without any justifiable cause and refused to have any marital relations with him thereafter," and that she had, therefore, been guilty of desertion warranting a decree of divorce in favor of her husband.

A husband seeking a divorce, on the ground of desertion has the burden of establishing that his wife's desertion has been continued, willful and obstinate. See *Henderson* v. *Henderson (Court of Errors and Appeals, 1944), 134 N. J. Eq. 363*. Every element necessary to sustain his decree must be corroborated. See *Howes* v. *Howes (Court of Errors and Appeals, 1939), 125 N. J. Eq. 272, 276*. Where the husband lived in the same house as his wife, he carries the burden of overcoming the general presumption that they were living "on terms of matrimonial cohabitation." See *Marsh* v. *Marsh (Court of Chancery, 1861), 13 N. J. Eq. 281, 285; 1 Herr, Marriage, Divorce and Separation 34 § 7 (1938)*. If there

are any uncertainties of fact they should be resolved against him. See *Sheeran* v. *Sheeran* (*Court of Errors and Appeals, 1934*), *115 N. J. Eq. 75, 78.*

With due recognition of the weight to be given to the findings of the advisory master, our examination of the record convinces us that the testimony on behalf of the respondent was not of the character required to satisfy the burden, imposed upon him by the authorities, of establishing, by preponderant and corroborated testimony, that his wife had continuously, willfully and obstinately deserted him. His wife explicitly denies his testimony of non-intercourse and neither the surrounding circumstances nor the testimony of his mother as to her observations on her occasional visits, which did not include overnight visits, furnished any corroboration on this issue. Furthermore, his conduct during the entire 1938-45 period in continuing to live in the same house and entertaining friends there in normal fashion, in adequately maintaining and supplying it and providing for his wife, in continuing her as the beneficary of his insurance policies and in sending affectionate holiday and anniversary cards, tend, at least, to raise substantial doubts as to the truth of his present allegation that during all this time his wife, without any apparent cause, persistently rejected his marital advances. These doubts are sufficient to compel the conclusion that the respondent did not, by preponderant and corroborated proof, establish the elements essential to sustain the decree of divorce in his favor. See *McLain* v. *McLain* (*Court of Errors and Appeals, 1920*), *91 N. J. Eq. 530.*

The decree of the court below is reversed.

*For affirmance*—WACHENFELD, J. 1.

*For reversal*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, EASTWOOD, BURLING, JACOBS, WELLS, DILL, FREUND, MCLEAN, SCHETTINO, JJ. 13.