The court below found the respondent not guilty of the charge of adultery as alleged in a petition filed by the wife for a divorce. The decision so made is the basis of the present appeal and most of the appellant's brief is allotted to this phase of the proof, contending quite insistently there was error in that the evidence strongly supports a contrary conclusion. Our determination in this respect becomes immaterial for the reasons as hereinafter developed.
The petition of the wife asked for a divorce against the husband upon the grounds of adultery and extreme cruelty consisting of alleged unjustified accusations of adultery committed by the wife with the respondent's brother. An answer containing a general denial of the charges made against him was filed by the husband, and although it included a separate defense charging adultery by the wife, no relief by way of counterclaim was asked. When testifying at the trial, he did not deny the charge made against him but confined himself to the separate defense of recrimination.
Although a finding upon a question of fact made by Chancery is entitled to great weight, nevertheless this court will, by full investigation and analysis of the evidence, itself ascertain the facts and determine whether the finding is consistent therewith.Tierney v. Hotz, 141 N.J. Eq. 114 (E. A. 1947); Glenn v.Glenn, 142 N.J. Eq. 625 (E. A. 1948).
Accordingly, we have examined the testimony as to the charge of adultery made against the appellant. No useful purpose would be served by setting forth in full the unpleasant and revolting details. It suffices to say that the evidence was of such a character and quality as to convince us to a moral certainty that the appellant was guilty of the charge made in the husband's answer. The testimony of the husband's brother as to his relations with the appellant, supported by the husband, corroborated by admissions of the wife, the presence of the wife's undergarments in the brother's bed and the communication of a skin disease from the particeps criminis to the petitioner, make a composite which clearly registers a verdict of guilt. *Page 45 
While the testimony of the alleged paramour is considered, it is received with caution and carefully scrutinized in accordance with our rule as set forth in Letts v. Letts, 79 N.J. Eq. 630(E. A. 1911).
Having so determined the guilt of the petitioner, it becomes unnecessary to appraise anew the charge of adultery against the husband since the conduct of the wife, on the doctrine of recrimination by reason of the statute and the cases, prevents the matrimonial relief sought. R.S. 2:50-5. Fuller v. Fuller,41 N.J. Eq. 198 (Ch. 1886); White v. White, 64 N.J. Eq. 84 (Ch. 1902); Piper v. Piper, 116 N.J. Eq. 587 (E. A.
1934).
Although we have adjudicated the facts differently from the disposition below, the result is the same for the reasons herein expressed and the decree below is therefore affirmed.
For affirmance: Chief Justice VANDERBILT and Justices WACHENFELD, BURLING, and ACKERSON — 4.
For reversal: Justices CASE and HEHER — 2.