ESTELLE F. COYLE, PLAINTIFF-APPELLANT, v. JOHN
COYLE, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 3, 1950—Decided January 10, 1950.

Before Judges McGEEHAN, COLIE and EASTWOOD.

*Mr. Joseph M. Alsofrom,* attorney for and of counsel with
plaintiff-appellant, argued the cause.

*Mr. Henry H. Rubenson* argued the cause for the defendant-respondent (*Mr. Joseph B. Sugrue,* attorney).

The opinion of the court was delivered by

EASTWOOD, J. A. D.    Plaintiff, Estelle F. Coyle, appeals from a judgment of the Superior Court, Chancery Division, dismissing her action for divorce.

The parties were married on January 13, 1946, and defendant left plaintiff on April 5, 1946.  For a determination of the issue, it becomes unnecessary to discuss the factual situation surrounding the separation.   Suffice it to say, their differences centered around money matters.

Plaintiff concedes that covering a period commencing with a telephone call approximately two weeks after the separation and terminating on September 22, 1947, defendant made at least three telephone calls and wrote five letters asking her to give him another chance and to resume matrimonial cohabitation.   Mrs. Coyle admits that she either refused to accede to or ignored her husband's requests.   A few excerpts from her testimony are enlightening as to the impact upon her of her husband's attempts to effect a reconciliation, *e. g.:*

"Q. When was the first time after April fifth that you heard from him?  A.  I think it was about two weeks later.  After the advertisement was put in the paper.

"Q. Did he communicate with you?  A. By telephone.

"Q. What conversation did you have with him?  A. He told me my lawyer had spoken with him and my lawyer had said I would have to give him another chance, and I refused to do that."

*       *       *       *       *       *       *       *

"Q. What was your answer to him?  A. I said no, I didn't intend to give him another chance."

In response to the court's query, Mrs. Coyle stated that she meant that his lawyer had informed him she must give him another chance.

"Q. Had you ever been separated from him before?  A. No.

"Q. So then you had never given him another chance, or the first chance, had you?  A. No."

*       *       *       *       *       *       *       *

"Q. Mrs. Coyle, I didn't ask you why you should ask him to return. I stated that you were determined, were you not, that there would be no reconciliation? A. That's right. I didn't want to have anything more to do with him."

■■ We conclude that it is not necessary for us to determine whether Mr. Coyle's numerous attempts to effect a reconciliation were sincere. It is crystal clear that Mrs. Coyle's consistently adamant determination not to resume cohabitation with her husband is apparent from the very inception of the separation and her subsequent conduct indicates her acquiescence therein. In view of Mrs. Coyle's attitude, it would have been futile for Mr. Coyle to make any conciliatory overtures. It is manifest, therefore, that sincere efforts by the husband to bring the separation to an end would have been unavailing and the duty of making such efforts under the circumstances was not required. *Hall v. Hall*, 60 *N. J. Eq.* 469 (*E. & A.* 1900); *Smith v. Smith*, 95 *N. J. Eq.* 657 (*E. & A.* 1924).

The judgment of the Superior Court is affirmed.