6 N.J. Super. 247 (1950)
71 A.2d 145
STEVEN BUDRICK, PLAINTIFF-RESPONDENT,
v.
BEATRICE BUDRICK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 16, 1950.
Decided February 1, 1950.
*248 Before Judges JACOBS, DONGES and BIGELOW.
Mr. William Osterweil argued the cause for the appellant.
Mr. Harry Sagotsky argued the cause for the respondent.
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal by the defendant wife from a judgment nisi granting the plaintiff husband a divorce on the ground of desertion.
*249 The parties were married in 1942 while the plaintiff was a member of the armed forces of the United States. In October, 1945, he was discharged from service and lived with his wife at his parents' home in South River. He testified that on November 23, 1945, his wife left him and that he unsuccessfully endeavored to find her by making inquiries, on the following Saturday, at the homes of a friend and a sister of his wife and, on a later single occasion, at Brack's Inn, Highlands, New Jersey. He admitted that he made no other efforts to locate her. He re-entered the armed forces of the United States on April 25, 1946, and remained in service until his recent discharge. While in service he communicated with counsel with respect to a divorce and when his Commanding Officer advised him in September, 1947, that his wife was seeking support he simply told him that the matter was in the hands of his lawyer. At no time did he communicate with his wife and, after he had advertised that he would not be responsible for her debts, he declined to permit the newspaper to comply with her request that it forward his address to her.
The defendant testified that she had not deserted but had been ordered out of the house by her husband; she lived for three weeks with her sister in Union and then with her mother in an apartment in Newark; in February, 1946, she was operated on and was sick for eight or nine months thereafter; and she has been unable to work since. She further testified that at no time since their separation has her husband ever sought to have her come back to live with him.
A husband seeking a divorce on the ground of desertion has the burden of establishing that his wife's desertion has been continued, willful and obstinate. Tucker v. Tucker, 142 N.J. Eq. 687, 689 (E. & A. 1948). It must satisfactorily appear that the wife persistently refused to return notwithstanding the making by the husband of such sincere solicitation as "under the circumstances of the case he ought to make." Henderson v. Henderson, 134 N.J. Eq. 363, 368 (E. & A. 1944). Every element necessary to sustain his judgment of divorce must be corroborated (Howes v. Howes, 125 N.J. Eq. 272, 276 (E. & A. 1939)) and if there are any *250 uncertainties of fact they should be resolved against him. Sheeran v. Sheeran, 115 N.J. Eq. 75, 78 (E. & A. 1934).
We are satisfied that, even assuming the desertion, the husband did not discharge his obligation to solicit the return of his wife. Apart from his action in visiting the homes of his wife's friend and sister, immediately following the alleged desertion, he made no real effort to reach her; on the contrary, he deliberately avoided communication between them while preparing for the institution of a divorce proceeding when the statutory period matured. We believe that if he had sincerely wished to locate his wife after November, 1946, he could readily have done so. The evidence furnishes no support for his contention that he was excused from making additional efforts to terminate the separation because it appeared that it would have been useless to do so; the fact that, at the moment of desertion, reconciliation efforts seem useless does not justify the suggestion that similar efforts thereafter during the two-year statutory period would likewise be of no avail. Laing v. Laing, 110 N.J. Eq. 411, 417 (E. & A. 1932).
The judgment is reversed.