Hall *v.* Hall.

Virginia C. S. Hall, complainant and appellant,

*v.*

Thomas H. Hall, defendant and respondent.

[Filed July 17th, 1900.]

Where a husband has by his conduct toward his wife contributed to her desertion of him, such desertion, ordinarily, will not be considered obstinate unless persisted in by the wife against the effort of the husband to terminate it by making such advances and concessions as might reasonably be expected to bring about that result. But where it is manifest from the facts in the case that honest effort by the husband to bring the separation to an end would be unavailing, or only temporarily successful, the duty of making it ceases to exist.

On appeal from a decree advised by Vice-Chancellor Stevens, whose opinion is reported in *14 Dick. Ch. Rep. 402.*

*Mr. Alexander C. Young,* for the petitioner.

*Messrs. Queen & Tennant,* for the defendant.

The opinion of the court was delivered by

Gummere, J.

This is an appeal by a wife from a decree dismissing a petition of divorce filed by her against her husband; and a crossappeal by the latter from that part of the decree which dismisses a cross-petition filed by him against her seeking similar relief. Each seeks a divorce from the other upon the ground of desertion.

The fact is undisputed that in less than two years after her marriage to him, the wife left her husband's home, and never afterward returned to it. She bases her right to a decree upon the ground that her husband's treatment of her was such as not only to justify, but to compel her to leave him. The vicechancellor who heard the case concluded from the testimony that although the husband was often unkind and overbearing to his wife, his conduct afforded her no sufficient justification for leaving him.

In this conclusion of the vice-chancellor we concur.

He further concluded that, notwithstanding the wife had no sufficient cause for leaving her husband, and therefore was guilty of willfully deserting him, he was not entitled to a divorce from her, for the reason that her desertion, although willful and continued for the statutory period, was not an obstinate one because not persisted in by her against effort or influence on his part to bring it to an end.

That a desertion, in order to be obstinate, must be persisted in against the willingness of the injured party to have it concluded is declared by all our cases; and, ordinarily, when the husband has, by his conduct toward his wife, contributed in any degree to her original desertion, the law requires that he should evidence that willingness by making such advances or concessions to his wife as might be reasonably expected to induce her to return to him. *Cornish* v. *Cornish, 8 C. E. Gr. 218; Bowlby* v. *Bowlby, 10 C. E. Gr. 406; S. S. on error, 10 C. E. Gr. 570; Rittenhouse* v. *Rittenhouse, 2 Stew. Eq. 274; Herold* v. *Herold, 2 Dick. Ch. Rep. 210.*

But the law does not impose this duty upon the husband in every case arbitrarily and without regard to the facts and circumstances by which it is surrounded. The husband is bound to make such advances and concessions only where there is reasonable ground to suppose that such action on his part will terminate the wife's desertion. Where it is manifest from the circumstances under which the desertion took place, or from her temper and disposition, or from any other fact in the case, that honest effort on the husband's part to terminate the separation would be unavailing; or, if successful in bringing the desertion to an end, would be so only temporarily, the duty of making it does not exist. *Trall* v. *Trall, 5 Stew. Eq. 231; Lammertz* v. *Lammertz, 45 Atl. Rep. 271.*

The burden rests upon the husband of showing the futility of making the effort which the law ordinarily requires of him; for it will not be presumed, in the absence of proof, that the wife will persist in continuing her desertion against the honest attempt of the husband to bring it to a conclusion.

Whether or not the defendant in the present case is entitled to

a decree upon his cross-petition depends therefore upon whether it can fairly be inferred from the proofs that advances or concessions made by him with an honest purpose to put an end to their separation would have been unsuccessful.

The testimony in the case is very voluminous; a full analysis of it cannot be made within the proper limits of an opinion, and a partial one would be valueless. . Our examination of it has led us to the conclusion that when the petitioner left her husband she did so with a fixed determination not to return to him, and that any effort on his part to induce her to do so would have been unavailing.   This being so, her desertion was obstinate, notwithstanding her husband's failure to take steps looking to its termination.

That portion of the decree which dismisses the petition of the wife should be affirmed.   The dismissal of the cross-petition of the husband should be reversed, and the record remitted to the court of chancery in order that a decree of divorce may be there entered in favor of the husband.

*For affirmance*—THE CHANCELLOR, VAN SYCKEL, GARRISON, LIPPINCOTT, GUMMERE, LUDLOW, COLLINS, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES—12.

*For reversal*—None.