GEORGE D'ANNUNZIO, petitioner,

*v.*

BRIDGET D'ANNUNZIO, defendant.

[Decided November 28th, 1919.]

An order of the New York domestic relations court providing that a husband shall pay a specified sum towards the support of his wife and child, is not a determination of the fact of desertion by the man, nor a conviction of the offence of abandonment of his wife.

On suit for absolute divorce on the ground of desertion, and cross-suit for limited divorce on ground of cruelty. Heard on bill, answer, counter-claim and testimony taken in open court.

*Mr. Anthony Botti* and *Mr. Robert Carey,* for the petitioner.

*Mr. Edward M. Salley,* for the defendant.

*91 N. J. Eq.*        D'Annunzio *v.* D'Annunzio.

STEVENSON, V. C.

My conclusion of fact in the above-stated cause is, that the defendant has been guilty of willful, continued and obstinate desertion as charged in the petitioner's petition, that the petitioner is entitled to a decree *nisi* and that the counter-claim or cross-petition should be dismissed.

I followed the testimony closely and would have disposed of the case at the conclusion of the argument on October 21st, or at latest on October 25th, if counsel for defendant had not then (October 25th) offered in evidence a record of the proceedings against the petitioner based on a charge of abandonment in a magistrate's court in Brooklyn, New York, in April, 1917. Counsel for defendant urged that this record made it *res adjudicata* between the parties that the petitioner had abandoned the defendant, and that, whatever the effect of this record upon the defendant's cross-action, it demonstrated that there cannot possibly have been a period of two years of willful, continued and obstinate desertion of the petitioner by the defendant when the petition was filed on July 19th, 1918. In other words, it was argued that the record from the magistrate's court showed that if the defendant at some time deserted the petitioner, this present suit was prematurely brought because there could not possibly have been two years of desertion.

For the purposes of the decision of the question of fact in this case it is not necessary that the testimony should be written out, but without the testimony to refer to at this late date it would be impossible to prepare a satisfactory opinion discussing the evidence. As the case now stands in its present stage, I shall not subject the parties, or either of them, to the expense of having the testimony written out merely in order that I may be able to prepare an opinion.

The question of law relating to the nature and effect of the proceedings before the Brooklyn magistrate may be settled by a perusal of the sections of the charter of Greater New York, as amended, which counsel have cited in their briefs. Counsel for the defendant probably correctly represents in his brief that "in the month of April, 1917, the defendant made a complaint of abandonment against the petitioner in the domestic relations

court of Brooklyn under section 685 of the charter of Greater New York," which section he quotes at length. The complaint, however, does not recite or refer to this section. The brief, then, proceeds to assume that the record produced exhibited a conviction of abandonment or a conviction of the defendant "as a disorderly person" based upon abandonment. The error of counsel consists in ignoring the next section of the charter (section 686). The New York law as finally amended pertaining to the proceedings under examination may be found in the laws of New York of 1914, chapter 463.

It is true that the defendant charged with abandonment under section 685 may be convicted upon his confession or after trial. What the effect such a conviction of the petitioner might have had in this case we need not inquire because the petitioner was not convicted. Section 686 provides for various proceedings where there is no conviction. One of such proceedings is described in section 686 as follows:

"Further, upon the consent of the defendant the said magistrate may, before or after said conviction as aforesaid, place the defendant for a period aggregating not more than one year, under the oversight of a probation officer, and adjourn the said proceedings from time to time upon conditions and terms by him deemed proper and meet for the proper support of said wife and children, or either."

The record offered in evidence shows that this was the order made by the magistrate, and that it was made with the consent of the defendant, and the proof is ample that the petitioner was neither tried nor convicted. The order of the magistrate produced in evidence is made on a blank entitled "Probationary Oversight," referring also in print to "section 686, as amended."

This proceeding in the magistrate's court, or rather "the Domestic Relations Court," in the borough of Brooklyn, manifestly, was primarily intended to prevent an abandoned wife and child from becoming a public charge. The law permits the defendant, who is charged with abandonment, to come into court and plead not guilty, as the petitioner did in this case, but at the same time consent to an order requiring him to pay a specified sum for the support of his wife and children whom he is charged with

having abandoned. This New York law permits the husband and father charged with abandonment to say in court: "I am not guilty of the charge of abandoning my wife and child. My wife has deserted me. This court cannot try the matrimonial litigation that is pending or will be soon commenced to determine the question of desertion or abandonment, and I recognize that apart from any such present or possible future litigation, it is right that I should furnish support to my wife and child." An order providing for such support is then made with the written consent of the husband. The interests of the city are thus protected and the spouses are left to litigate or not in the divorce court as they may think fit.

I conclude, therefore, that this order in the New York domestic relations court has no effect upon the present matrimonial litigation in the court of chancery between these parties.