MARY I. OERTEL

*v.*

HENRY B. OERTEL.

[Submitted December 9th, 1920. Decided December 9th, 1920.]

1. The motion of a husband to open a final decree for maintenance on the ground that he is ready to resume relations with his wife and to treat her with conjugal kindness will be denied where there is no denial of the wife's counter allegation of desertion for the statutory period, as such desertion bars the husband's right to resume the marriage state.

2. A decree for maintenance necessarily implies that the court found the fact of abandonment, and is conclusive evidence of the desertion as of the time the decree was entered.

On motion to open final decree.

*Mr. Howard Isherwood,* for the motion.

*Mr. Cecil H. MacMahon, contra.*

BACKES, V. C.

This motion is to open a final decree for maintenance on the ground that the husband is now ready to resume relations with his wife and treat her with conjugal kindness.

The decree was entered November 2d, 1914, on an issue presented by the pleadings, that the defendant "without justifiable cause abandoned his wife and refused and neglected to maintain and provide for her." The issue was not tried, a consent decree being entered for alimony.

To the petition of the defendant for a restoration of the marital rights, or that the decree be set aside, the complainant sets up that since the entering of the decree the defendant has been guilty of "willful, continued and obstinate desertion for the term of two years," and that this cause for action bars the defendant's right to a resumption of the marriage state.

I regard this as a complete answer to the defendant's application. If, since the final decree the defendant had been guilty of adultery, no one would question the position taken by the wife, and a desertion for a period of two years vests in the wife a right of action immediately upon the termination of that period. *Gordon* v. *Gordon, 105 Atl. Rep. 242.* This right of action is a bar as formidable as that of adultery.

Deserting husbands, if they hope for reconciliation, must act within two years of the time of desertion adjudged by the alimony decree.

It is claimed that inasmuch as the decree for maintenance did not adjudge that the defendant abandoned his wife without justifiable cause and refused and neglected to maintain and provide for her, it is not evidence of desertion as of the time the decree was entered. It is a necessary implication from the decree for alimony that the court found the fact of abandonment, and upon the present application must be regarded as conclusive evidence of the desertion, at least as of the time the decree was entered. *Smith* v. *Smith, 55 N. J. Eq. 222.*

But aside from the decree as evidence, the complainant sets up the fact that the defendant deserted her and that the desertion was willful, continued and obstinate for a term of two years. There is no denial of this in the moving papers, and in the absence of denial I must accept it as true.

Motion denied.