In this suit petitioner seeks a decree of divorce on the ground of his wife's desertion.
The petition was filed in November, 1924, and prior to its amendment, made near the conclusion of the hearing, charged desertion as of June, 1922. *Page 487 
The evidence disclosed that the parties have been continuously separated since the year 1914, and that in the years 1921 and 1922 petitioner sought his wife's return to him, and she refused.
But the evidence also disclosed that in the year 1916 the wife, defendant herein, had filed a bill against her husband, petitioner herein, for maintenance under section 26 of the Divorce act; that after issue joined that cause came on for final hearing, and a final decree was entered in the wife's favor. That decree awarded to her the custody of the child of the marriage and required her husband to pay to her $25 per week for maintenance. That decree is dated January 23d 1917, and is still in full force and effect, and has been complied with by the husband to this time.
At the close of the hearing in the present suit no evidence had been adduced disclosing any effort on the part of the husband to induce his wife to return to him between the date of the maintenance decree (January 23d 1917) and the year 1921. This raised the question whether, by reason of the adjudication in the maintenance decree to the effect that the husband was then a deserter of his wife, and the absence of evidence disclosing changed conditions during the succeeding two years, a cause of action for divorce had not matured in favor of the wife at the end of that two years' period. If so, obviously, she could not be declared a deserter by reason of her subsequent refusal in 1921 and 1922 to live with her husband.
Accordingly, petitioner herein was permitted to introduce testimony at a subsequent hearing to meet that situation. Permission was also given for the amendment of the petition, to the end that it might charge the desertion of defendant as of an earlier date.
I am convinced that the testimony subsequently adduced, considered in connection with that theretofore taken, does not justify a finding of fact, to the effect that petitioner at any time during a period of over four years from the date of the maintenance decree made any reasonable attempt to terminate the separation or to procure his wife's return to *Page 488 
him; nor does the evidence justify the conclusion that during that period an appropriate effort of that nature would have been futile. Aside from the uncorroborated testimony of petitioner to the effect that he sought his wife's return during the two years' period referred to, which claim, in turn, was denied by her, the only material testimony was of declarations made by her to the effect that she would not live with her husband. Declarations of that nature cannot safely be accepted as the basis of a conclusion that, if properly approached by her husband, a wife would not return to him; such declarations, at most, disclose a state of mind at the moment. Accepting the maintenance decree as conclusive, to the effect that the husband had without justifiable cause deserted his wife, his desertion could not be made hers without appropriate efforts on his part to effect a reconciliation. She denies having made the declarations attributed to her.
Accordingly, the single question for determination at this time is the effect of the maintenance decree.
That question cannot be considered as open for review in this court. In Smith v. Smith, 55 N.J. Eq. 222, Vice-Chancellor Pitney specifically held a maintenance decree to be conclusive evidence of desertion on the day specified in the decree. In the subsequent case of Oertel v. Oertel, 92 N.J. Eq. 327, Vice Chancellor Backes reached the same conclusion.
In Smith v. Smith, supra, the final decree for maintenance set forth a specific date on which the husband abandoned and separated himself from his wife without justifiable cause. The decree was held conclusive of desertion on that date, and testimony was permitted only of subsequent efforts of the husband to terminate the separation. The decree of maintenance presently under consideration, after reciting that the cause came on to be heard on bill, answer, replication and oral proofs taken in open court and the marriage of the parties, and jurisdiction by service of process, proceeds to make the following finding of fact: "That the defendant, without any justifiable cause, abandons the complainant, and *Page 489 
separates himself from her, and refuses and neglects to maintain and provide for her and the child of their marriage." As a formal adjudication between the present litigants that decree, consistently with the authorities referred to, can only be considered as conclusive as of that date, and free from collateral impeachment, except for fraud or want of jurisdiction of the subject-matter of the controversy or the parties.Crawford v. Lees, 84 N.J. Eq. 324. Accordingly, the burden of establishing subsequent change in the conditions thus judicially determined must be deemed to rest upon petitioner herein.
It should be noted that on the back or cover sheet of the maintenance decree this endorsement appears: "I hereby consent to the entry of the filing of the within decree. S. Rusling Leap, Solicitor of Defendant." If this endorsement should be given the force to render the decree a consent decree as distinguished from a decree in invitum, it raises the additional question as to the extent to which a consent decree should be considered conclusive, since authorities are to be found to the effect that a consent decree is not strictly a judicial decree, but is rather in the nature of a contract entered into with the solemn sanction of the court.
But the question is not open for further consideration in this court, since in Oertel v. Oertel, supra, the maintenance decree there declared conclusive as to the desertion is specifically referred to as a consent decree made on an issue which was not tried.
A decree will be advised dismissing the petition. *Page 490