The husband sues for a divorce for desertion. The wife denies that she deserted her husband and, on the contrary, says that he deserted her, and by counter-claim seeks a divorce on this ground. The uncontested fact is that on May 14th, 1929, Mrs. Locher left her husband and has since then lived apart from him. She alleges that she was compelled to leave because of his ill-treatment of her, so that constructively her husband was the deserter. *Page 26 
The first question to be solved relates to the effect to be given to a decree in an earlier case between these parties. Shortly after Mrs. Locher left her husband, she filed in this court a bill for separate maintenance under section 26 of the Divorce act. Comp. Stat., p. 2038. He answered, the cause was heard and a decree on the merits dismissed the bill. The same acts upon which the wife relies in the present suit as constituting desertion by her husband, were pleaded by her in the former suit to constitute the abandonment. The causes of action in the two suits are not the same and so the decree is not conclusive upon every matter which might have been litigated in the former suit. But it is conclusive as to those matters within the issues and actually tried and decided. Nagle v. Conard,96 N.J. Eq. 61, 64; Spingarn v. Spingarn, 8 N.J. Mis. R. 423;150 Atl. Rep. 764. A wife seeking separate maintenance must plead and prove not only that she has been abandoned, but also that her husband does "refuse or neglect to maintain and provide for her." Mr. Locher, answering the maintenance bill, denied both the abandonment and the failure to support. The decree merely recites "that the said complainant [the wife] has not sustained the truth of the allegations in her complaint and is not entitled to the relief therein prayed." It is impossible to determine from an inspection of the pleadings and the decree, how the issue of abandonment was decided, since the decree could be supported even if the wife won on that issue, if she failed to prove nonsupport. The other papers in the suit on file in the clerk's office do not aid the inquiry since they include neither opinion nor finding of facts. But counsel for the husband has placed in evidence a stenographic transcript of the oral conclusions of the advisory master who heard the cause and advised the decree. He said, "I hold that as a matter of fact she left him without the justifiable cause which the statute requires, and that therefore he is not guilty of abandonment within the meaning of section 26." He did not decide or even discuss whether the husband had failed to support his wife. Extrinsic evidence, not inconsistent with the record, is competent to prove what issues were litigated and how they were *Page 27 
resolved. 34 C.J. 1072-1076, and numerous cases there cited. So it appears that the issue tried in the maintenance case was whether Mr. Locher had abandoned his wife and the decree conclusively establishes that he did not. The elements which make up a constructive abandonment are identical with those that constitute a constructive desertion. O'Brien v. O'Brien,103 N.J. Eq. 214; affirmed, 105 N.J. Eq. 250. The adjudication that the husband did not abandon his wife on May 14th, 1929, conclusively establishes that he did not desert her at that time. It follows that the counter-claim based on this alleged desertion must be dismissed. I turn to the husband's petition for divorce.
When a wife leaves her husband, as Mrs. Locher left Mr. Locher, the occurrence may be interpreted in one of three ways: That she willfully deserted her husband; that his misconduct was such that the desertion was constructively his; that although the husband was not constructively the deserter, yet he consented to her going and so neither party willfully and obstinately deserted the other. Mrs. Locher attempts to meet her husband's charge, first by the affirmative defense that he was the deserter. Here the burden of proof is hers and the same corroboration and degree of proof is required to make out the defense as would be required to prove constructive desertion as a ground for divorce. Rogers v.Rogers, 81 N.J. Eq. 479; Jatman v. Jatman, 7 N.J. Mis. R.1101; 148 Atl. Rep. 8. The decree on the maintenance bill which precludes Mrs. Locher from asserting, in support of her counter-claim, that her husband deserted her, estops her from proving his desertion as a defense to his petition for divorce.
The defendant also denies by her answer the charge of desertion, and so raises the issue whether Mr. Locher consented to the separation or whether her desertion was willful. The burden of proving the willfulness and obstinacy of the desertion is on the husband. Wilno v. Wilno, 102 N.J. Eq. 595.
Mr. Locher testified that he had no inkling his wife contemplated leaving him until, on the very day she departed, he came home about the middle of the day and found a moving *Page 28 
van in front of the house. He then besought her not to go, but she persisted. Afterward, for nearly a year, he frequently called on his wife and asked her to return. Mrs. Locher's version was different. She told of numerous disagreements of which the cause was friction between her and Mr. Locher's mother, and during which he often told her that he would be gladly rid of her. At last, in the middle of the night before she left, she resolved to acquiesce and told her husband she would go the next day.
Several considerations lead me to believe Mrs. Locher's testimony. In the first place, the separation of husband and wife is almost always the culmination of many quarrels and is preceded by repeated discussion of separation. That Mr. Locher should be unaware that his wife was thinking of leaving him, is contrary to the common run of events. Then there is this item of evidence: When the van was in front of the house and Mr. Locher asked Mrs. Locher not to go, she retorted in substance, as witnesses for both parties testify, "that is a funny thing to ask now." This reply is understandable if the two had agreed upon the separation the night before; otherwise its meaning is obscure. Again, on each occasion after the separation when Mr. Locher called on defendant and asked her to return, he took with him some third party to witness the request. He has been diligent from the first to build up a case against his wife. I find he acquiesced in the separation; that Mrs. Locher did not willfully and obstinately desert him.
One other question arises: the alleged desertion took place May 14th, 1929. The petition in this cause was filed two years and six days later, May 20th, 1931. For about six months between these two dates, Mrs. Locher's suit for maintenance was pending. If the months while that suit was pending cannot be counted as part of the period of desertion, then the petition was prematurely filed.
A wife who, in good faith, brings suit for absolute divorce, is justified in living apart from her husband pending the suit; her refusal to live with him cannot be counted as desertion. The principal reason for this rule is that by cohabitation, *Page 29 
she would condone his alleged offense and destroy her cause of action. Barbour v. Barbour, 94 N.J. Eq. 7. The same rule has been applied, though on a different ground, to suits for limited divorce by the wife based on the extreme cruelty of her husband. She would jeopardize her cause of action by living with her hubsand. "For if the wife, who is in such cases usually the complainant, continues to live with her husband pending such a suit, she throws doubt upon the extremity of the cruelty of which she alleges she is the victim." Weigel v. Weigel, 63 N.J. Eq. 677; McKee v. McKee, 107 N.J. Eq. 1. The rule of these cases does not, I believe, apply to a suit for maintenance under section 26, based on an alleged actual abandonment as distinguished from a constructive abandonment. In such a suit the wife impliedly represents to the court that she continually desires her husband to return to her. Her cause of action is not dependent on a past offense but on a present continuing abandonment. But when the maintenance bill is based on an alleged constructive abandonment, the attitude of the wife is different. She asserts that her husband has created "a condition of such extreme discomfort and wretchedness as incapacitates her to discharge the duties of a wife or seriously endangers her health" (Weigel v. Weigel, supra); that because of this condition she is unwilling to live with him unless he reform. Until then she claims the right to remain apart from him. During such a suit, prosecuted in good faith, the wife is justified in refusing to live with her husband, even though the court determine that the husband's conduct was not so black as to make him the deserting party. The period while Mrs. Locher's maintenance suit was pending cannot be computed as part of the term of her desertion.
The husband's petition should be dismissed. *Page 30