Frank Goldberg, petitioner-appellant,

*v.*

Rose Goldberg, defendant-respondent.

[Argued February term, 1941.   Decided May 20th, 1941.]

*Mr. Frank Fink* (*Mr. Edward R. McGlynn,* of counsel), for the petitioner-appellant.

*Mr. Benjamin Coe,* for the defendant-respondent.

The opinion of the court was delivered by

THOMPSON, J.

Frank Goldberg sued his wife, Rose Goldberg, for divorce on the ground of desertion. The advisory master dismissed the petition on the ground that he did not feel the husband had done his full duty by the defendant in seeking to terminate the separation as required by statute and precedent; that is to say, he had not made appropriate advances to the wife to secure her return to his home, and that he was not excused from making such advances by such acts or attitude on her part as were disclosed by the proofs.

The testimony shows that the parties were married September 26th, 1906, and that there were three children born of the marriage, themselves now all married; that in 1923 the defendant brought suit against her husband for separate maintenance which suit was dismissed by decree of the Court of Chancery after hearing; that in 1926 she brought a second suit for separate maintenance and accounting, and that suit was heard and the prayer for separate maintenance dismissed; that in 1931 the wife brought her third suit for separate maintenance which also resulted in a dismissal of the bill in 1932. In the present suit brought by the husband for divorce on the ground of desertion the defendant counter-claimed for support and maintenance and denied the desertion. The advisory master found against the defendant on the counter-claim on the ground that the issues raised thereby were *res adjudicata,* having been the same as those raised in her previous suits for separate maintenance and decided against her in each case. She left her husband on each of the three separate occasions prior to the last separation, October 13th, 1931, the date on which petitioner alleges her desertion began and from which it continued to the time of filing his petition.

The petitioner contends that the repeated withdrawals of the wife from her husband and their home, although in three of the instances she returned to him at his request, justified him in assuming that efforts by him on the last occasion to induce her to return would be futile and that he was under the circumstances excused from making any further advances to secure their reunion. He contends that he has remained in the same home ever since the desertion, and that in his answer filed in her last suit against him he set forth that he had always been ready, willing and able to support her in a suitable manner, and that his statement constituted a standing invitation to her to return. There is also testimony on the part of the petitioner's son that he went to his mother and personally requested her to return to her home and that she refused. The advisory master, who saw and heard the witness at the hearing, did not feel that the son's testimony was worthy of credence.

It is true that there may be conditions and circumstances under which the husband, in the case of desertion by the wife, would be excused from making advances to induce her return, and that a course of action by the wife indicating a determined intention not to live with her husband might be regarded as sufficient to excuse him from the expectation or hope that they would accomplish the desired result. But we do not believe the circumstances disclosed from the proofs in the present case afford justification for failure to make appropriate efforts to prevent the permanent separation. True, the wife here repeatedly left her home, litigated her claims in court, and the courts found against her as to those claims. But it is also apparent that she yielded to the solicitation of her husband on those occasions to return to her home and thereby disclosed the lack of a fixed intention permanently to separate herself from her husband. At least there was response on every occasion to the effort to adjust the difficulties between them. It is not to be assumed, of course, that the husband should endure an interminable series of repetitions of such conduct on the part of the wife, but in this case we feel that there was a long period of time, from October, 1931, to June, 1938, when the husband filed his petition for

divorce, during which there is little evidence of any genuine affirmative effort on his part to induce his wife to resume living with him. There is much reason to believe that during all of this period the husband was content with the separation and did not desire himself to resume the normal marital status. Of course, he may understandably have preferred his freedom by their living apart, from the possibility of further difficulties, and felt more comfortable in his own separate existence, but that attitude does not permit him to refrain from reasonable effort to avoid the permanent disunion, and, if such attitude exists, while he may not be enjoined from indulging such feeling or preference, it does not give him warrant under our law to preserve it by a divorce which he has not used all reasonable effort to avoid. We feel that there could reasonably have been in the course of the seven years of separation more evidence of a *bona fide* desire on the part of the husband to preserve the marriage relation than is disclosed in the evidence in this case. We therefore conclude that the petition was properly dismissed and the decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, THOMPSON, JJ. 12.

*For reversal*—PARKER, CASE, JJ. 2.