ROY I. MARTIN, PLAINTIFF, v. EILEEN D. MARTIN, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided July 10, 1953.

542

*Messrs. Corbin & Corbin (Mr. Allan A. Maki* appearing), attorneys for plaintiff.

*Mr. Walter P. Back,* attorney for defendant.

HEGARTY, J. S. C.  Plaintiff's application is for order of court in the following respects:

(a) To require the defendant to file a more definite statement of the second count of the amended counterclaim referring to personal property alleged to be owned by the defendant, and to personal property which the defendant alleges she has an interest in as a tenant in common.  Plaintiff cannot plead to these allegations since the personal property is not defined and plaintiff has no way of knowing what the second count of the amended counterclaim deals with.

It can be noted that defendant agreed to supply a specific list of the property claimed by her and the need for order in this connection has been eliminated.

(b) Striking and dismissing the first count of the amended counterclaim on the grounds that the judgments of the Juvenile and Domestic Relations Court of Bergen County, dated June 2, 1952 and February 14, 1952, are *res judicata,* and that the defendant is judicially estopped to relief on the counterclaim by reason of the factual allegations having been placed in issue and been decided by the aforesaid judgments.

Plaintiff, in support of the motion, relies on the affidavit annexed to the notice of motion, and the record, file and transcript of the prior proceedings.

The action is for absolute divorce on the ground of desertion brought by Roy I. Martin against Eileen D. Martin. Defendant counterclaimed for absolute divorce on the ground of constructive desertion based on plaintiff's alleged cruelty which compelled her to separate from him.

Plaintiff now moves to dismiss the first count of the defendant's amended counterclaim on the ground that it is barred by a prior decision against her of the Juvenile and Domestic Relations Court of Bergen County dismissing her complaint for desertion and non-support. Since the causes of action in the two suits are not the same, the question is one of collateral estoppel.

Defendant's counterclaim is essentially that plaintiff has been guilty of acts of extreme cruelty which justifiably caused her to separate from him.

The transcript of proceedings before the Juvenile and Domestic Relations Court of Bergen County which may be consulted to determine what issues were actually litigated, *Locher v. Locher*, 112 *N. J. Eq.* 25 (*Ch.* 1932), show not only that the same general and specific allegations were there made but that the same acts relied upon to establish defendant's counterclaim were there urged. As has been noted, defendant's action was dismissed.

It is conceded that the Juvenile and Domestic Relations Court of Bergen County had jurisdiction of the defendant's complaint, *N. J. S.* 2A :4–18, and since the factual questions as here presented were there put in issue, litigated and determined, I hold that the defendant's counterclaim is barred from consideration in above titled cause. *Locher v. Locher, supra; Zanzonico v. Zanzonico*, 14 *N. J. Misc.* 674 (*Ch.* 1936); *Restatement of Judgments*, § 68 (*c*).

The first count of defendant's amended counterclaim will be dismissed.