ARTHUR G. MILLER, PLAINTIFF-RESPONDENT, v. MARY
ANN MILLER, DEFENDANT-COUNTERCLAIMANT AP-
PELLANT.

Argued October 19, 1953—Reargued November 2, 1953—
Decided November 23, 1953.

*Mr. Louis C. Friedman* argued the cause for appellant.

*Mr. Peter Calcia* argued the cause for respondent.

The opinion of the court was delivered by

WILLIAM J. BRENNAN, JR., J. This appeal was certified here of our own motion while pending in the Appellate Division.

The defendant wife's counterclaim includes a count for separate maintenance. The count was dismissed by the Chancery Division on plaintiff's motion upon the ground that "the matters contained in defendant's counterclaim for support and maintenance are *res judicata* because it has already been adjudicated against defendant's counterclaim in the Juvenile and Domestic Relations Court of Passaic County."

The reference is to a proceeding initiated by the wife's complaint made November 24, 1952 in the Domestic Relations Court alleging that the husband "although capable to do so for the past three weeks refused and failed to provide adequate support and maintenance of his family consisting

of myself, Contrary to 'Juvenile and Domestic Relations Court Law' Title $2A:4-1$ to $2A:4-41$, Revised Statutes of New Jersey, 1951, and the supplements thereto and amendments thereof." The complaint was tried on December 1, 1952, and resulted in the entry by the trial judge of an order which recites, "The evidence being closed, I did find in favor of the defendant [the husband], in that the petitioner failed to prove by satisfactory evidence, justification for leaving the home of the defendant, nor was there any evidence produced to indicate that the defendant failed or refused to support her adequately."

The pleaded cause of action for separate maintenance was viewed by the Chancery Division to be an impermissible second effort by the wife to litigate the "same charge" made against the husband in the Domestic Relations Court. It was expressly found that "the factual questions as here presented [by the separate maintenance count of the counterclaim] were put in issue, litigated and determined" there.

Point VI of the appellant wife's brief is, "The doctrine of *res judicata* does not apply and the trial court should have allowed counsel fees and support *pendente lite."* The other points urged, however, that there was no jurisdiction in the Domestic Relations Court to entertain the wife's complaint and that *N. J. S.* $2A:4-18$ and 19 of the Juvenile and Domestic Relations Court Act are unconstitutional if the statute vests jurisdiction to hear such complaints (which contentions we may say in passing are entirely without merit), are argued in the brief upon the premise that the two actions were in fact based upon the same claim or cause of action. At the oral argument the wife's counsel stated that he conceded that the two claims were the same; however, after argument, he advised the court by letter that he was in error. We called for re-argument. Counsel then stated the wife's position to be that the claims pleaded in the two courts were different and also that the proofs which would be relied upon to sustain the separate maintenance claim were not offered to sustain the Domestic Relations Court complaint at the trial in that court.

The defense of *res judicata* based upon a personal judgment rendered in a prior action between the same parties requires an inquiry whether the prior and subsequent actions were based upon the same claim or cause of action or upon different claims or causes of action. *Bango v. Ward*, 12 *N. J.* 415 (1953). The party pleading the defense has the burden of proving that the cause of action in the former suit was the same as that now in suit if the fact does not appear from the record, in which case the fact may be proved by extrinsic evidence in aid of the record, provided such extrinsic proof is clear and satisfactory and does not rest on mere assertion or speculation. 50 *C. J. S., Judgments, sec.* 841, *p.* 408; *Locher v. Locher*, 112 *N. J. Eq.* 25 (*Ch.* 1932).

The opinion of the Chancery Division suggests that the identity of the former cause of action with that pleaded by the counterclaim appears from the record in the Juvenile and Domestic Relations Court. The gist of the counterclaim is a charge of constructive desertion consisting of alleged cruel and inhuman conduct forcing the wife to leave the husband on Thanksgiving Day, November 27, 1952. Such a charge may be the basis for a support order in the Domestic Relations Court which by *N. J. S.* 2A:4–18 (*f*) is vested with jurisdiction to hear and determine in a summary manner complaints "Involving the domestic relation, where a husband or father forces his wife or child to leave the home because of his cruel and inhuman conduct, in which case the court may provide by appropriate order for their support and maintenance." We have examined the original record in the Domestic Relations Court proceeding and have been unable to find in it anything to support a finding that the claim there made and determined was the same as that alleged in the separate maintenance count of the counterclaim. Indeed, we find it impossible to determine just what claim was pleaded and tried in that court. The complaint is a printed form and does not contain, as was required by then *Rule* 6:4–1, now by *R. R.* 6:4–1 (*a*), a "written statement of the essential facts constituting the offense charged." And the particular statute among the large number for violation of

which a support order may issue, see *N. J. S.* 2A:4–18 (*c*), is not pleaded or referred to (*cf. R. R.* 6:4–1(*b*)). There is only the general allegation "contrary to Juvenile and Domestic Relations Court Law Title 2A:4–1 to 2A:4–41," which incorporates all such statutes embraced within *N. J. S.* 2A:4–18. There is no stenographic record of the trial nor any special fact findings of the trial judge, probably because the rules do not require either except upon request of a party. *Rules* 6:2–7(*c*) and 6:5–1(*g*), now respectively superseded by *R. R.* 6:2–10 and *R. R.* 6:5–1(*d*).

Indeed, a comparison of the complaint with the counterclaim more reasonably permits an inference that the claims are different. The counterclaim alleges that the separation occurred November 27, 1952, which was three days after the filing of the complaint on November 24. If the parties were living together when the complaint was filed, the complaint may have been based upon an alleged violation of *N. J. S.* 2A:4–18 (*e*) which authorizes an order "where a husband or father deserts his wife or child even though they continue to live in the same household, in which case the court may order adequate support of his wife, child or family." The statement in the general finding of the trial judge that the "petitioner failed to prove by satisfactory evidence, justification for leaving the home of the defendant," implies that the fact of the separation was made known at the trial of December 1, but, in the light of the other uncertainties in the record and counsel's representation at the reargument that the alleged events of November 27 were not made a matter of proof at the trial, that finding is manifestly insufficient as a basis upon which to determine that proofs were offered in an attempt to establish cruel and inhuman conduct in violation of section 18 (*f*).

The only evidence outside the record as to what occurred at the trial appears in the affidavit of the husband filed in support of his motion to dismiss the counterclaim. He states:

"In November, 1952, I was subpoenaed to go to the Juvenile and Domestic Relations Court to answer her charge that I was not

560

providing 'adequate support and maintenance' for my wife; and at the trial which took place, I believe, on December 1, 1952, she told the court under oath that she was 84 years of age, and that she was being treated by doctors for her poor condition, and that she was not able to work. She admitted taking Fourteen. Thousand One Hundred Eighty-seven Dollars and Forty Cents ($14,187.40) which she said she was using for living expenses and doctor bills. I testified in court. The court dismissed her ·case after hearing both her and me."

This statement suggests that the testimony at the hearing was concerned only with whether the wife was receiving support from her husband. Certainly nothing in it even remotely suggests that the wife sought to prove that she was forced to leave home because of her husband's cruel and inhuman conduct.

 Thus, neither the record of the Juvenile and Domestic Relations Court nor the evidence *aliunde* offered in aid of the record supports the finding of the Chancery Division that the cause of action in the former suit was the same as that now in suit under the counterclaim. The judgment must therefore be reversed. However, in the circumstances of the case, we think the plaintiff should not be denied the opportunity at the trial to offer further proofs in aid of the record. There was a suggestion at the reargument that the defendant's counsel conceded below that the cause of action in the earlier suit was the same, but there is no transcript before us from which we can ascertain the fact. Our determination, therefore, is that the judgment of the Chancery Division is reversed with leave to the plaintiff to have the issue determined at the trial. No costs.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For affirmance*—None.