### DELIA KERSHNER, PLAINTIFF, v. BARNEY KERSHNER, DEFENDANT.

Juvenile and Domestic Relations Court
Bergen County

Decided March 28, 1956

*Messrs. Saltzman, Rubenstein & Kosoff (Mr. J. Mortimer Rubenstein,* appearing), argued the motion for defendant.

*Mr. R. Stanley Lanz, Jr.,* argued the motion for plaintiff.

KOLE, J. J. D. R. C.  On September 7, 1954 plaintiff filed a civil complaint against defendant under *N. J. S.* 2A:4-18 charging desertion and nonsupport.

The matter came on for hearing on December 21, 1954 before Judge Vanderwart, as acting judge of this court. Plaintiff testified as to defendant's leaving her on September 2, 1954 and his failure to support, as charged in the complaint. On cross-examination she admitted that she had refused to have sexual relations with defendant but endeavored to justify such refusal. Defendant was apparently relying on plaintiff's refusal to have relations as a defense to her action.

At the conclusion of plaintiff's testimony, Judge Vanderwart stated: "Isn't this a case for Chancery, can you agree on a consent order without determining desertion, just agree on an amount pending his or her application for the Court of Chancery. It is now one o'clock, lunch time, discuss with clients and be back at two o'clock. Talk it over."

The parties and their attorneys returned after the luncheon recess. The court asked whether they had agreed on "temporary support." Defendant's attorney stated that his client would agree to $20 per week for plaintiff's support. Such a consent order was entered on December 21, 1954.

On January 26, 1956 plaintiff filed an application to hold defendant in contempt for failure to comply with the consent order, claiming he was $360 in arrears as of December 27, 1955. Defendant countered with an application on February 10, 1956 to have the consent order vacated, claiming that he had on many occasions since entry of the order requested a reconciliation but plaintiff had refused.

On February 21, 1956 both applications came on for hearing. Defendant then moved to vacate the consent order on the additional ground that this court had no jurisdiction to enter such an order. That is the sole motion now to be decided. Both parties were afforded an opportunity to submit memoranda of law on this question.

There can be no quarrel with defendant's contentions that this court's jurisdiction in cases involving nonsupport of a wife is limited to that set forth, in the applicable statute—in this case, *N. J. S.* 2A:4–18 (*Caravella v. Caravella*, 36 *N. J. Super.* 447 (*App. Div.* 1955)) and that its

jurisdiction in this respect cannot be enlarged by consent of the parties (*State on Complaint of Bruneel v. Bruneel,* 14 *N. J.* 53, 58 (1953)).

Thus, it is clear that in the instant case, in order to obtain an order of support based on her complaint, plaintiff was required to prove defendant's desertion and nonsupport. A consensual separation between the parties would not suffice in this court. *Caravella v. Caravella, supra.*

But here plaintiff does not rely on a consensual separation. She relies on an order entered in this court by consent on her complaint charging desertion and nonsupport. This is quite a different matter. Nor does such an order in any way confer by consent any additional jurisdiction on this court.

By consenting to the order of support, the defendant in effect admits, at least for the purpose of the order, the facts establishing the statutory requirements for jurisdiction—in the instant case, that he deserted and failed adequately to support the plaintiff. For the purpose of the order he thereby waives any defenses he may have at the time the order was entered and thus dispenses with the requirement that plaintiff prove the existence of such jurisdictional facts before the entry of the order.

Accordingly, this court has jurisdiction to enter a valid order to which defendant has consented, since he thereby concedes the statutory prerequisites to jurisdiction. *Adams v. Adams,* 80 *N. J. Eq.* 175, 178–179 (*E. & A.* 1912); *Adams v. Adams,* 77 *N. J. Eq.* 123 (*Ch.* 1910); *Oertel v. Oertel,* 92 *N. J. Eq.* 327 (*Ch.* 1920); *Willis v. Willis,* 99 *N. J. Eq.* 486 (*Ch.* 1926), affirmed 101 *N. J. Eq.* 312 (*E. & A.* 1927); *Pierson v. Pierson,* 119 *N. J. Eq.* 19 (*E. & A.* 1935); *Pierson v. Pierson,* 15 *N. J. Misc.* 117, 120 (*Ch.* 1937); *Polyckronos v. Polyckronos,* 17 *N. J. Misc.* 250, 259 (*Ch.* 1939). Compare *State v. Savastini,* 14 *N. J.* 507 (1954), construing the criminal uniform desertion statute (*N. J. S.* 2*A* :100–2 *et seq.*) which expressly permits the entry by this court of consent orders of support in cases under that statute.

■■ A consent order of support is enforceable against the defendant by contempt proceedings, just as any other order of support. *Adams v. Adams*, 80 *N. J. Eq.* 175, 178–179 (*E. & A.* 1912); *Adams v. Adams*, 77 *N. J. Eq.* 123 (*Ch.* 1910). Indeed, even if it is subsequently determined by the court that the plaintiff's proofs could not sustain an action for support, it would appear that the prior consent order is still enforceable against defendant, at least until that determination is made. *Pierson v. Pierson*, 119 *N. J. Eq.* 19 (*E. & A.* 1935).

The defendant's motion to vacate the consent order of support of December 21, 1954, on the ground that the court lacked jurisdiction to enter the order is, therefore denied. An order to that effect is being entered.

A hearing will be held on Tuesday, April 10, 1956, at 2:00 p. m., without further notice, on (1) plaintiff's application to hold defendant in contempt and (2) defendant's application to have the consent order vacated on the ground that plaintiff unjustifiably refused his advances towards a reconciliation. In connection with both applications, consideration will be given, among other things, to the fact that the consent order was intended by the court to be merely temporary in nature pending a suit to be instituted in the New Jersey Superior Court and that thus far neither party has apparently done anything towards instituting such a suit.