91 N.J. Super. 394 (1966)
220 A.2d 702
FRANK LYSICK, PLAINTIFF-RESPONDENT,
v.
ELIZABETH LYSICK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 21, 1966.
Supplemental Briefs Submitted April 7, 1966.
Decided June 6, 1966.
*395 Before Judges SULLIVAN, LEWIS and KOLOVSKY.
Mr. Frederick C. Vonhof argued the cause for appellant.
Mr. Monroe Ackerman argued the cause for respondent (Mr. Ralph A. Villani, attorney; Mr. Norman Maranz, on the brief).
PER CURIAM.
Defendant appeals from a Chancery Division judgment awarding her husband a divorce for simple desertion.
Following oral argument of the appeal, we requested the trial court to file specific findings of fact, R.R. 4:53-1, supplementing the letter opinion which had been filed prior to the entry of the judgment. Counsel for the respective parties have submitted memoranda directed to the "Findings of Fact and Conclusions of Law" so filed by the trial court *396 (hereinafter referred to as the trial court's "supplemental opinion").
The parties were married on September 19, 1931. They have three children. The older son, Francis, and the daughter, Joyce, are married and maintain homes of their own. The younger son lives with the mother in a house at 49 Finlay Place, Newark, owned by the husband and wife as tenants by the entirety.
Beginning in about 1947 the matrimonial seas became stormy. The husband blames the wife's drinking habits; she says the fault was his. Police were called by the wife on a number of occasions. In 1953 the husband remained away for some three months; he says the wife chased him out of the house. In the latter part of 1954 the husband was away for some five or six months.
On February 6, 1956 the wife filed a three-count complaint against the husband in the Chancery Division. The first count sought separate maintenance, charging the husband with cruelty and alleging that he left the matrimonial home on January 30, 1956. The second count sought to establish a half-interest in the family automobile; the third sought recovery of $550 the husband allegedly misappropriated. The proceedings were dismissed on March 9, 1956 on the wife's application, the parties having resumed cohabitation.
Early in July 1957 the husband and wife, their daughter, who was then unmarried, and the younger son drove to Florida for a vacation. They returned to their home at the end of the month.
On August 1, 1957 the husband walked over to the nearby apartment of his elder son. He has not lived at the Finlay Street house since. Whether this was because the wife prevented him from returning or because he did not want to return was a contested issue at the trial of this action.
However, it is undisputed that on January 21, 1958 the wife filed a complaint for support in the Juvenile and Domestic Relations Court of Essex County, charging that the husband, then residing on Sanford Avenue in Newark,
*397 "* * * altho capable to do so has for the past several weeks refused and failed to provide adequate support and maintenance of his family consisting of myself, and one minor child to wit: Eugene  9 yrs. contrary to `An Act concerning the Juvenile and Domestic Relations Court,' Revised Statutes, 1951 Title 2A:4-41, effective January 1, 1952, and the supplements thereto and amendments thereof."
(At the trial of the present action, the husband testified that he had been paying the wife $40 per week since their separation on August 1, 1957, but had stopped the payments because she had refused to let him obtain his set of tools which were in the cellar of the house.)
The complaint for support was tried in the Juvenile and Domestic Relations Court on February 3, 1958 and resulted in an order in which the court stated:
"The evidence being closed, I did decide that the complaint be sustained. The defendant be ordered to pay $40.00 a week thru the probation department for the support of his family. The defendant to also pay medical expenses and have child visitations on alternating Saturdays and Sundays, from the date of this my order."
Further orders were entered by the Juvenile and Domestic Relations Court on October 1, 1958 and March 16, 1960, following references of the matter to the court by the probation department because of disputes between the husband and wife relating to, among other things, the husband's tool set, visitation rights and payment of the wife's medical bills. The October 1, 1958 order provided for a continuance of the prior order; the March 16, 1960 order increased the support payments to $42 per week. The latter order remained in effect until early 1964 when it was superseded by an order entered on February 28, 1964 in the divorce proceedings which the husband had instituted in the Chancery Division on October 1, 1963. The Chancery order required the husband to "continue to pay" the wife $84 every other week until the further order of the court.
The complaint for divorce filed by the husband charged that the wife had deserted him "on or about August 1, 1957, ever since which time and for more than two years last past *398 she has willfully, continuously and obstinately deserted him." Although the complaint alleged that "there had been no previous proceedings between the plaintiff and defendant in any court affecting the marriage," the existence of the prior proceedings was brought to the court's attention by defendant.
In its supplemental opinion the trial court found that:
"The plaintiff left the marital domicile on August 1, 1957 with the intention of returning and not with the intention of deserting. * * * [The wife] made it impossible for him to return and her adamant position * * * made overtures futile. * * * I find that he made attempts at overtures that were rebutted and that further overtures would have been futile under the cases in this State."
Neither the supplemental opinion nor the judgment nisi sets forth the date of the wife's desertion; therefore "the date alleged in the complaint [on or about August 1, 1957] must be regarded as controlling." Field v. Field, 31 N.J. Super. 139, 152 (App. Div. 1954).
While giving due deference to the opportunity of the trial judge to hear and see the witnesses, our review of the record satisfies us that the evidence was not such as to support a finding that the husband made a genuine effort to induce his wife to resume living with him nor such as to support the finding that overtures on the husband's part would be futile.
As the court said in Henderson v. Henderson, 134 N.J. Eq. 363 (E. & A. 1944), at p. 368:
"It was the burden of the husband to prove his case and all uncertainties of fact should be resolved against him. Gordon v. Gordon, 89 N.J. Eq. 535, 537. * * * there is no satisfactory proof of obstinacy and this is fatal in an action based on desertion. To prove obstinacy it must be shown to the satisfaction of the court that the wife deliberately and persistently refused to return to her husband's home upon his sincere solicitation as under the circumstances of the case he ought to make." (at p. 368; citations omitted)
An exception to this rule is recognized where it would be futile for the husband to make such advances or overtures. Hall v. Hall, 60 N.J. Eq. 469, 470 (E. & A. 1900); Coyle v. Coyle, 6 N.J. Super. 141 (App. Div. 1950); Goldberg v. *399 Goldberg, 129 N.J. Eq. 588 (E. & A. 1941), but here again, as the court said in Hall:
"The burden rests upon the husband of showing the futility of making the effort which the law ordinarily requires of him; for it will not be presumed, in the absence of proof, that the wife will persist in continuing her desertion against the honest attempt of the husband to bring it to a conclusion." (60 N.J. Eq., at p. 470)
The judgment is reversed and the cause remanded for entry of judgment for defendant.
KOLOVSKY, J.A.D. (concurring):
I agree that for the reasons set forth in the foregoing opinion, the lack of proof of obstinacy requires that the judgment below be reversed and that judgment be entered for defendant.
Further, in my view, an additional ground dictates the reversal of the judgment. I am of the opinion that the trial court's finding that the wife had deserted the husband "on or about August 1, 1957" is precluded by the contrary judicial determinations implicit in the orders for the support of the wife entered by the Juvenile and Domestic Relations Court on February 1, 1958 and March 16, 1960.
In Amadeo v. Amadeo, 64 N.J. Super. 417, 422 (App. Div. 1960), the court said:
"The Juvenile and Domestic Relations Court is a statutory court whose jurisdiction is strictly limited to the subject matter set forth in the statute, and such jurisdiction cannot be enlarged by consent. State on Complaint of Bruneel v. Bruneel, 14 N.J. 53, 58 (1953); Mattox v. Mattox, 43 N.J. Super. 111, 115 (App. Div. 1956); cf. Caravella v. Caravella, 36 N.J. Super. 447 (App. Div. 1955). N.J.S. 2A:4-18(e) provides, in part, that the court shall have jurisdiction to hear and determine in a summary manner disputes and complaints
`e. Involving the domestic relation, where a husband or father deserts his wife or child even though they continue to live in the same household, in which case the court may order adequate support of his wife, child or family.' (Italics ours.)
A willful failure to provide adequate support for one's wife or children constitutes such a desertion within the meaning of the statute as to confer jurisdiction. Mattox v. Mattox, above, at page 117. Of course, if plaintiff [wife] had left her husband without justifiable cause, his failure to support her could not be considered a *400 desertion on his part and jurisdiction would not lie. Likewise, if the parties separated by mutual consent, jurisdiction to award support for the wife would not lie. Caravella v. Caravella, above." (Emphasis added)
The Juvenile and Domestic Relations Court, by virtue of a 1946 amendment of the Juvenile and Domestic Relations Court Act, L. 1946, c. 77, "now has concurrent jurisdiction with the Chancery Division of the Superior Court in matters pertaining to the support of a deserted spouse." Bonanno v. Bonanno, 4 N.J. 268, 273 (1950); Lasasso v. Lasasso, 1 N.J. 324 (1949); Wilson v. Wilson, 86 N.J. Super. 61, 64 (App. Div. 1964).
Prior to the 1946 amendment, it was held that the purpose of proceedings in the Juvenile and Domestic Relations Court was to prevent a deserted wife and children from becoming public charges, Hiers v. Hiers, 132 N.J. Eq. 610 (E. & A. 1943). The 1946 amendment superseded the decision in Hiers, (Lasasso v. Lasasso, supra, 1 N.J., at p. 328), and now both the Chancery Division in an action under the separate maintenance statute, N.J.S. 2A:34-24, and the Juvenile and Domestic Relations Court acting under N.J.S. 2A:4-18(e), are enforcing the same obligation, the common law duty of a husband to provide suitable support and maintenance for his wife in a manner commensurate with his means and circumstances.
Implicit in an order or judgment for support of a wife, whether it be entered in the Chancery Division in an action for separate maintenance or in the Juvenile and Domestic Relations Court in the exercise of its concurrent jurisdiction, is the existence of facts establishing the statutory jurisdictional requirements called for by the separate maintenance statute, Pierson v. Pierson, 15 N.J. Misc. 117, 118, 189 A. 391, 392 (Ch. 1937); Oertel v. Oertel, 92 N.J. Eq. 327 (Ch. 1920), or the Juvenile and Domestic Relations Court Act, Tracey v. Tracey, 69 N.J. Super. 382, 389 (App. Div. 1961); Kershner v. Kershner, 39 N.J. Super. 604, 607 (J. & D.R. Ct. 1956).
*401 Among these jurisdictional facts is the fact that the wife had not deserted her husband. If she be the deserter, the court is without jurisdiction to order support, either in a separate maintenance action in the Chancery Division, Taylor v. Taylor, 73 N.J. Eq. 745 (E. & A. 1908); Eldredge v. Eldredge, 38 N.J. Super. 509, 511 (Chan. Div. 1955), or in the Juvenile and Domestic Relations Court, Amadeo v. Amadeo, 64 N.J. Super. 417, 422 (App. Div. 1960); Tracey v. Tracey, supra, at p. 389.
We are not here concerned with an attempt by a wife to rely on a prior judgment for separate maintenance, or a Juvenile and Domestic Relations Court order for support, both of which may be entered on the uncorroborated testimony or admissions of a party to the suit, as res judicata of the fact of husband's desertion in a subsequent suit for divorce instituted by the wife. In the divorce action the husband's desertion may not be established by a showing of a prior adjudication of abandonment in a separate maintenance action, Pierson v. Pierson, 15 N.J. Misc. 117, 119, 189 A. 391, 394 (Ch. 1937), or a prior finding of desertion in a nonsupport proceeding, Mattox v. Mattox, 43 N.J. Super. 111, 118 (App. Div. 1956); Tracey v. Tracey, supra, at p. 389.
To rule otherwise would be to ignore the public policy of this State which prohibits the grant of a divorce upon the uncorroborated admissions or testimony of a party to the suit; Hague v. Hague, 85 N.J. Eq. 537, 541 (E. & A. 1916); Crowell v. Crowell, 33 N.J. Super. 272, 278 (App. Div. 1954); Pierson v. Pierson, 15 N.J. Misc. 117, 122, 189 A. 391, 394 (Ch. 1937).
Another reason that has been advanced is the difference in the meaning of the words "willful and obstinate desertion" used in the Divorce Act, N.J.S. 2A:34-2, as contrasted with the word "abandon" used in the separate maintenance statute, Pierson v. Pierson, supra, 15 N.J. Misc., at p. 123, 189 A., at p. 394, and the word "deserts" when applied to a husband under N.J.S. 2A:4-18(e); Tracey v. Tracey, supra, at p. 388.
*402 No such public policy or other reasons are applicable, however, where the prior proceeding is "directed toward defeating the prayer for divorce rather than in aid of it." Pierson v. Pierson, supra, 15 N.J. Misc., at p. 119, 189 A., at p. 393.
So an adjudication in a separate maintenance action that the husband had not abandoned his wife on May 14, 1929 has been held to bar a later suit for divorce by the wife charging desertion on that date. Locher v. Locher, 112 N.J. Eq. 25 (Ch. 1932).
So, too, would a determination by a Juvenile and Domestic Relations Court contrary to a wife's claim that she was forced to leave home because of her husband's cruel and inhuman conduct be a bar to the wife's suit for separate maintenance charging constructive desertion by reason of such conduct, Miller v. Miller, 13 N.J. 555, 560 (1953), and her suit for divorce by reason of such alleged cruelty. Martin v. Martin, 26 N.J. Super. 541, 543 (Ch. Div. 1953).
More pertinent to the specific issue here presented is the settled rule that a judgment for the wife in a separate maintenance action is operative as a bar to the husband's subsequent suit for divorce charging the wife with desertion prior to the date of the separate maintenance judgment. Willis v. Willis, 99 N.J. Eq. 486 (Ch. 1926), affirmed o.b. 101 N.J. Eq. 312 (E. & A. 1927); Holst v. Holst, 101 N.J. Eq. 682, 691 (Ch. 1927); Oertel v. Oertel, 92 N.J. Eq. 327, 328 (Ch. 1920); Pierson v. Pierson, 119 N.J. Eq. 19, 20 (E. & A. 1935); Harding v. Harding, 198 U.S. 317, 25 S.Ct. 679 (1905); 24 Am.Jur.2d, Divorce and Separation, § 110, p. 272; Annotation, "Decree in suit for separation as res judicata in subsequent suit for divorce or annulment," 138 A.L.R. 346, 375 (1942), suppl. 90 A.L.R.2d 745, 759 (1963); Reibesehl v. Reibesehl, 106 N.J. Eq. 32 (Ch. 1930); see also Tremarco v. Tremarco, 117 N.J. Eq. 50 (E. & A. 1934). It does not matter that the judgment in the separate maintenance action had been entered by consent, Willis, supra; Holst, supra, nor that the judgment does not expressly adjudicate *403 the jurisdictional facts; they must be deemed to have been adjudicated. Pierson v. Pierson, 15 N.J. Misc. 117, 118, 189 A. 391, 392 (Ct. 1937).
There is no reason, in my opinion, why the same rule should not apply to a support order of the Juvenile and Domestic Relations Court entered in the exercise of jurisdiction which is concurrent with that of the Chancery Division. See Miller v. Miller, supra; Martin v. Martin, supra.
Farerh v. Farerh, 117 N.J. Eq. 61, 65 (E. & A. 1934), does not call for a contrary result. The proceedings in the Domestic Relations Court therein referred to, which were ruled not "binding in any respect upon either of the parties so far as the issues in the present [divorce] suit are concerned," took place long before the court was given concurrent jurisdiction with the Court of Chancery in support matters and at a time when "the primary purpose of the proceeding in the law court [was] for the protection of the public * * * so that the wife and children will not become objects of public charity." Hiers v. Hiers, 132 N.J. Eq. 610, 611 (E. & A. 1943). Cf. D'Annunzio v. D'Annunzio, 91 N.J. Eq. 186 (Ch. 1919), affirmed o.b. 92 N.J. Eq. 236 (E. & A. 1920).
In view of the present jurisdictional limitations of the Juvenile and Domestic Relations Court, its orders of February 3, 1958 and March 16, 1960 must be deemed to embody, see Tracey v. Tracey, 69 N.J. Super. 382, 389 (App. Div. 1961); Kershner v. Kershner, 39 N.J. Super. 604, 607 (J. & D.R. Ct. 1956), a determination that the wife had not, prior to the entry of the orders, deserted her husband, for if she had, the court was without jurisdiction to enter the orders for support. Amadeo v. Amadeo, supra, at p. 422; Tracey v. Tracey, supra, at p. 389.
That determination operates, as would a similar determination in an action for separate maintenance, as a bar to the husband's present action charging that the wife deserted him prior to the entry of the orders on February 3, 1958 and *404 March 16, 1960, specifically "on or about August 1, 1957." It may be noted that the husband does not claim that he made any efforts at reconciliation subsequent to the March 16, 1960 order of the Juvenile and Domestic Relations Court.