99 N.J. Super. 423 (1967)
240 A.2d 186
JOHN A. RUSSELL, PLAINTIFF,
v.
SOPHIE RUSSELL, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided September 25, 1967.
*424 Mr. Richard M. Glassner for plaintiff.
Mr. John Sartoga for defendant.
HECKMAN, J.S.C.
Plaintiff seeks a divorce on the ground of desertion, N.J.S.A. 2A:34-2(b). Defendant wife denies plaintiff's allegations. One child was born of the marriage, who is now emancipated.
The proofs show that by reason of the persistent and unjustified refusal of defendant to indulge in normal sexual relations with plaintiff, she was guilty of simple desertion, i.e., willful, continued and obstinate desertion for a period of two years. Lysick v. Lysick, 91 N.J. Super. 394 (App. Div. 1966). The question, therefore, resolves itself into whether prior proceedings in the Juvenile and Domestic Relations Court finding plaintiff in the case at bar guilty of "desertion" is res judicata. The court has examined that file. R.R. 4:98-6(a).
In Lysick the wife appealed a judgment awarding a divorce to her husband on the ground of her alleged desertion. In a per curiam opinion the court reversed solely on the ground that it was not clearly shown that the desertion was obstinate. In the instant matter, this court did find such obstinacy.
*425 Although the concurring opinion in Lysick appears to lend credence to defendant's contentions, it was obiter dictum and will not be followed herein.
The Juvenile and Domestic Relations Court is designed, in the interest of public policy, to provide a tribunal able expeditiously to assure adequate support for a wife and child to avert a need for their public maintenance, and it deals with the financial aspect of the matrimonial relation where the husband is the "deserter," within the meaning of that term as set forth in the statute. For litigation of grievances beyond nonsupport by a deserting husband, the parties must resort to other courts, since divorces cannot be granted without corroborative proof. Tracey v. Tracey, 69 N.J. Super. 382, 389 (App. Div. 1961); Crowell v. Crowell, 33 N.J. Super. 272, 278 (App. Div. 1954).
Interpretation of the word "deserts," when applied to a husband under the Non-Support Act, differs from the meaning of the word when applied to a husband or wife under the Divorce Law, and a finding of desertion against the husband in a nonsupport proceeding is not determinative of the matter of desertion in a subsequent divorce action. Mattox v. Mattox, 43 N.J. Super. 111 (App. Div. 1956). The word "deserts" extends to the concept of willful abandonment, i.e., desertion of the duty to support, and the statute affords machinery for support without destruction of the marital relationship as a condition precedent. N.J.S.A. 2A:4-18(e); 2A:34-2, 24.
"It will be noted that the Legislature has expressly reserved from the jurisdiction of the Juvenile and Domestic Relations Court matters over which jurisdiction is vested in the Court of Chancery. Jurisdiction in the matter of desertion, in one sense of the word, is vested in the Court of Chancery, and when the above quoted statute used the word `desertion,' it used it in the sense of leaving the wife without means of support and therefore likely to become a public charge."
*426 Warner v. Gloucester County Court of Domestic Relations, 131 N.J.L. 455, 456 (Sup. Ct. 1944).
The proof being different, a determination of desertion by the husband for purposes of support does not bar an action by the husband for divorce on the basis of the wife's desertion in the Superior Court, Chancery Division. State, on Complaint of Bruneel v. Bruneel, 14 N.J. 53 (1953); Bonanno v. Bonanno, 4 N.J. 268 (1950)
The Juvenile and Domestic Relations Court does not have concurrent jurisdiction with Chancery in all matters relating to the bonds of marriage, but as to the financial aspects of the marriage alone. N.J.S.A. 2A:4-18; N.J.S.A. 2A:34-2, 24; Cahen v. Cahen, 47 N.J. Super. 141 (App. Div. 1957).
The doctrine of res judicata is primarily one of public policy and only secondarily of private benefit to individual litigants. It draws its strength not so much from the private advantage of the party seeking to invoke it, but its roots lie in the principle that public policy and welfare require a definite end to litigation when each of the parties has had a full, free and untrammelled opportunity of presenting all of the facts pertinent to the controversy. The primary object of res judicata (i.e., public policy) is based upon the maxim interest reipublicae ut sit finis litium  it concerns the commonwealth, that there be a limit to litigation. 2 Freeman on Judgments (5th ed. 1925), § 626; 38 Yale L.J. 299, 33 C.J. 267; 47 C.J.S. 82; Desmond v. Kramer, 96 N.J. Super. 96, 107 (Law Div. 1967). Hence, defendant's motion to dismiss the complaint is denied.